**Ralph LIGHTFOOT, LaCarttle Jones, Fred Jenkins, and Nelson Weaver, Plaintiffs-Appellees,**

v.

**Daniel WALKER, Governor of the State of Illinois, et al., Defendants-Appellants.**

No. 86–2004.

United States Court of Appeals, Seventh Circuit.

Submitted July 2, 1986.

Decided July 31, 1986.

Lawrence X. Pusateri, Peterson, Ross, Schloerb & Seidel, M. Patricia Chapin, Chicago, Ill., for defendants-appellants.

Harvey Grossman, Roger Baldwin Foundation of ACLU, Inc., Chicago, Ill., Richard D. Chase, Land of Lincoln Leg. Asst. Foundation, Inc., East St. Louis, Ill., for plaintiffs-appellees.

Before WOOD, CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The appellants, who were the defendants in the district court, have asked us to stay the district court's judgment pending appeal. Fed.R.App.P. 8. The request raises a question concerning bond pending appeal, which we have decided to answer in a published opinion to provide guidance for future litigants.

The underlying lawsuit is a massive prisoners' civil rights suit against the State of Illinois (the public officials who are the named defendants were sued in their official rather than personal capacities, so that the suit is in effect one against the state), challenging the health care system at Menard State Penitentiary as unconstitutional. The suit, begun in 1973, resulted some years ago in an order holding that the health care system was indeed unconstitutional and decreeing extensive relief. 486 F.Supp. 504 (S.D.Ill.1980). On May 27 of this year, the district judge awarded counsel for the plaintiffs $710,501.10 in attorney's fees, and the state has appealed. Fed.R.Civ.P. 62(d) entitles the appellant to a stay of execution of the judgment upon the posting of a supersedeas bond. The state doesn't want to post a bond, however, and asked the district judge to excuse it from doing so, on the ground that the State of Illinois is solvent. Unquestionably it is; and the payment of a $700,000 judgment (should the state lose the appeal) will not endanger that solvency. The district judge can in his discretion stay the execution of a judgment pending appeal without requiring a bond, *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir.1986), but this judge declined to do so, noting that the procedure for collecting a judgment from the State of Illinois is cumbersome and uncertain. That procedure is described in *Preston v. Thompson*, 565 F.Supp. 310, 318 (N.D.Ill. 1983). Cf. *Strama v. Peterson*, 537 F.Supp. 668 (N.D.Ill.1982).

The state's argument for being excused from posting a bond is a *non sequitur*. The fact that the state has the financial wherewithal to pay a judgment for $700,-000 can be of little solace to the plaintiffs when the state does not contest Judge Marshall's finding in *Preston* that the procedure for collecting a judgment against the state is not only cumbersome and time-consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the state legislature votes to appropriate the money necessary to pay it. The philos-

ophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty but in appropriate cases alternative forms of security are allowed, especially when (as in *Olympia*) the requirement of obtaining a bond might imperil other creditors of the defendant. That is not a factor in this case. The only factor is the cost of the bond. The cost is usually one percent of the amount of the bond, and so in this case would be $7,000. This is a modest amount. If the State of Illinois had some revolving fund out of which it paid judgments, there might be no need for a bond, and the state could save itself the $7,000. Judgments against the United States, for example, are paid out of a general appropriation (the "Judgments Fund," as it is called) to the Treasury. See 28 U.S.C. §§ 2414, 2517 and 31 U.S.C. § 1304. This makes Rule 62(e), which entitles the federal government (and its departments, agencies, and officers) to a stay of execution pending appeal, without its having to post a bond or other security, appropriate.

■ Illinois might choose to emulate the federal procedure for paying judgments out of a general appropriation, and save the cost of the bond; but thus far it has not chosen to do this; nor has it suggested any alternative security to a bond. The state legislature may wish to address this problem—it appears, as we have suggested, to be easily solved—but unless and until it does so we cannot say that a district judge abuses his discretion when, like Judge Marshall in *Preston* and Judge Foreman in the present case, he requires the state to post a bond as a condition of being allowed to appeal without subjecting itself to efforts by the plaintiff to execute the judgment.

■ The state makes the ingenious argument that we can stay the district court's judgment without deciding whether that court abused its discretion. Rule 8 of the Federal Rules of Appellate Procedure authorizes us to stay district court judgments, and requiring the posting of a bond is discretionary. See Rule 8(b); see also Fed.R.Civ.P. 62(g). So the state asks us to decide whether it is likely to prevail on the merits of the appeal and whether the harm to the plaintiffs from granting the stay would exceed the harm to the state from denying it. See *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir.1973). Rule 8, which is based on the power conferred on federal courts and judges by the All Writs Act, 28 U.S.C. § 1651(a) (see Note of Advisory Comm. to Rule 8), does indeed authorize this court to stay a judgment pending appeal, with or without bond; and if the basis of the application for such a stay lay in events occurring after the district court had denied a similar application, we would make an independent judgment. But if as in the present case the application is in effect an appeal from the district judge's denial of the stay, we shall treat it as such and give the district judge's action the appropriate deference. Responsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal is vested initially in the district judge, and we shall reverse his decision only if convinced that he has acted unreasonably. See, e.g., *Olympia Equipment Leasing Co. v. Western Union Telegraph Co., supra,* 786 F.2d at 796–800; *Prudential Ins. Co. v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986). We shall not use Rule 8 to undermine the district judge's discretion. The application for stay is

Denied.