**EASTER HOUSE, an Illinois not-for-profit corporation, Plaintiff,**

v.

**The STATE OF ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES; Mary Lee Leahy; Thomas Felder; Joan W. Sataloe; Millicent Smith; Pacita Haire; Truman Gibson; Easter House Adoption Agency, Inc., Michael J. Howlett, Secretary of State, State of Illinois, Defendants.**

Nos. 76 C 1170, 77 C 3121.

United States District Court, N.D. Illinois, E.D.

Sept. 25, 1986.

Thomas A. Foran, Carl A. Gigante, James R. Figliulo, Jeffrey C. Blumenthal, Foran, Wiss & Schultz, Donald Page Moore, Norman Hanfling, Adam Bourgeois, Chicago, Ill., for plaintiff.

Karen R. Goodman, Illinois Dept. of Children and Family Services, Thomas Battista, Robert H. McFarland, Richard L. Ryan, Office of Illinois Atty. Gen., Vito M. Evola, Vincent J. Pascucci, Pascucci & Evola, Donald B. Mackay, Schippers, Betar, Lamendella & O'Brien, Chicago, Ill., for defendants.

## ·MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

On the basis of an assurance by the Illinois Attorney General that the State of Illinois will indemnify three of the defendants in this action, the court on July 10, 1986 excused those defendants from posting a supersedeas bond to secure a stay pending their appeal of a judgment against them. Plaintiff now moves for reconsideration of that order, relying on the Seventh Circuit's recent opinion in *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir.1986).

In *Lightfoot*, the district judge ordered the State of Illinois to post a supersedeas bond as a condition for obtaining a stay pending appeal. The Seventh Circuit declined to interfere with that order, denying the state's request to stay enforcement of the bond requirement. The panel's opinion emphasized that Fed.R.Civ.P. 62(d) commits the question of whether to require a supersedeas bond to the discretion of the trial judge, and concluded that the judge did not abuse his discretion by requiring such a bond after determining—without objection from the state—that "the procedure for collecting a judgment from the State of Illinois is cumbersome and uncertain," slip op. at 2.

While *Lightfoot* requires the State of Illinois to post a supersedeas bond in order to obtain an automatic stay under Fed.R. Civ.P. 62(d), it does not bar the state from seeking—nor a district court from granting—a discretionary stay under Rule 62(d). *See Northern Indiana Public Service Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986) ("it is a misreading of Rule 62(d) of the Federal Rules of Civil Procedure to suggest that an appellant who wants to stay execution pending appeal must post a bond. The rule requires him to post a bond if he wants an automatic stay, but not if he is content to throw himself on the district judge's discretion."). This court has carefully considered plaintiff's request for a supersedeas bond, and concludes that none is necessary here.

Principles of state sovereignty and federalism are entitled to considerable weight in an analysis of the factors relevant to the need for a supersedeas bond. As Justice O'Connor has written, " 'essence' of federalism is that the States *as States* have legitimate interests which the National Government is bound to respect even though its laws are supreme." *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 1034, 83 L.Ed.2d 1016 (1985) (O'Connor, J., dissenting) (emphasis in original). The federal courts do not show respect for the dignity and interests of a state by requiring it to post a supersedeas bond where, as here, plaintiff seriously challenges neither the state's willingness nor its ability to satisfy an adverse judgment. The Illinois legislature devised a procedure for satisfying judgments against the state, and absent deficiencies in that procedure which pose a real threat to the interests of federal litigants, it is not the role of the federal courts to penalize Illinois for choosing one procedure rather than another.

The motion for reconsideration is denied. IT IS SO ORDERED.