**Joseph DILLON, Plaintiff,**

v.

**CITY OF CHICAGO, Defendant.**

**No. 85 C 5017.**

United States District Court,
N.D. Illinois, E.D.

March 9, 1988.

Edward R. Theobald and Mark N. Senak of the Law Offices of Edward R. Theobald, Chicago, Ill., for plaintiff.

Mary L. Mikva, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on the "Motion for Stay of Judgment and Attorneys' Fees and Costs and for Waiver of Bond Pending Appeal" of defendant City of Chicago ("the City"). For the following reasons, the motion for stay of judgment and waiver of supersedeas bond is granted subject to the condition contained herein, and the motion for stay of attorneys' fees is denied.

## FACTS

The plaintiff, Joseph Dillon ("Dillon"), a police officer for the City, filed suit in 1983 against the City pursuant to the Age Discrimination in Employment Act. On October 23, 1987, a jury awarded Dillon damages in the amount of $115,359.59 for violations of the Act. Judge McGarr later ordered that Dillon be reinstated to his job as a police officer. On December 29, 1987, he also awarded Dillon attorneys' fees and costs in the amount of $51,882.53, and ordered the City to pay those fees and costs within 60 days.

The City has filed a notice of appeal of both the damages award and the reinstatement order. It now is requesting a stay of execution of the award of damages and attorneys' fees, and a waiver of the normally-required supersedeas bond pending appeal. Judge McGarr previously denied defendant's motion to stay the plaintiff's reinstatement pending appeal.

## DISCUSSION

Federal Rule of Civil Procedure 62(d) states:

**Stay upon appeal**

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Rule 62(d) does not require that a supersedeas bond be posted under all circumstances, however. The Seventh Circuit has held that an appellant must post a bond "if he wants an *automatic* stay, but not if he is content to throw himself on the district judge's discretion." *Northern Indiana Pub. Serv. Co. v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir.1986) (emphasis added). The City has opted for the latter course here.

■ The Court finds that a stay of execution of judgment pending appeal is warranted in this case, and that the posting of a supersedeas bond is unnecessary and would be a waste of taxpayers' dollars. This is not a case where the plaintiff will have to go through a cumbersome, time-consuming procedure involving a special legislative appropriation in order to collect his judgment even if he prevails on appeal. *See e.g., Preston v. Thompson,* 565 F.Supp. 310 (N.D.Ill.1983); *Gary A. v. New Trier High School, District 203,* No. 83 C 3420 (N.D.Ill. Dec. 11, 1985) (available on Westlaw [1985 WL 4876]).

However, the City has given two different explanations as to how the judgment in this case would be paid. Initially, it argued that such judgments are satisfied from "a segregated judgment fund, established and funded each year in accordance with a consent decree approved and monitored by the District Court for the Northern District of Illinois, to cover its adjudicated and anticipated liability to judgment creditors. *Evans v. City of Chicago,* 77 C 4419 & 79 C 1939 (consolidated)." City's Motion for Stay, at 2. The City now argues that the judgment here would be "paid out of the already appropriated Corporate Payroll Fund of the Chicago Police Department," and it has provided the affidavits of two city officials attesting to that procedure. City's Reply Memorandum, at 3–4.

This contradiction is confusing. The latter method, which apparently is the one used by the City, is much less satisfactory than the former. There are no guarantees that there will be funds in the account sufficient to satisfy the judgment when it is due. The name "Corporate Payroll Fund" implies that it is the general account from which the normal operating expenses of the City's police department are paid. This is a far cry from the segregated and monitored judgment fund initially referred to by the City.

■ The plaintiff, to whom a jury has awarded a substantial judgment, should not be forced to endure a potentially lengthy appeal by the City without some security. On the other hand, as noted earlier, the City should not be forced to spend taxpayers' dollars on a supersedeas bond. Accordingly, the Court finds that some alternative form of security is necessary while the appeal is pending in this case. The City has represented to the Court that the funds which will be used to satisfy this judgment are readily available to it. The Court therefore orders that the City deposit those funds with the Clerk of the Court pending the outcome of its appeal. This compromise solution serves the purpose of allowing the City to avoid spending extra money on a supersedeas bond while at the same time providing adequate security to the plaintiff.

■ The Court also finds that the City must pay the attorneys' fees to Dillon within 60 days of December 29, 1987 as ordered by Judge McGarr. Judge McGarr's specific order to pay within 60 days, entered after the filing of the notice of appeal, implies that he did not think that the payment of fees should be stayed pending appeal. This exercise of his discretion will be respected by this Court. If the verdict for the plaintiff eventually is reversed on appeal, then the City may employ the appropriate procedures to recover the fees paid.