**Victor A. WEEKLEY and Lorraine Weekley, Plaintiffs,**

v.

**TRANSCRAFT, INC., Defendant.**

**Civ. No. H 85–1053.**

United States District Court, N.D. Indiana, Hammond Division.

Aug. 19, 1988.

See also, D.C., 113 F.R.D. 683.

Richard Komyatte, Highland, Ind., Jay Charon, Merrillville, Ind., for plaintiffs.

Frank Galvin, Eric Kirschner, Hammond, Ind., for defendant.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Stay of Execution filed by the defendant, Transcraft, Inc., on August 11, 1988. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

On June 29, 1985, the plaintiff, Victor A. Weekley, was driving a tractor trailer unit in which his wife, Lorraine Weekley, was a passenger. The plaintiffs were seriously injured in a one-vehicle accident. The plaintiffs alleged that defective welds on the fifth wheel assembly of the trailer caused the trailer to break apart causing the accident.

After an 11 day jury trial, the jury returned a verdict in favor of Victor in the amount of $3,000,000.00 for compensatory damages and $750,000.00 in punitive damages and in favor of Lorraine in the amount of $500,000.00 for compensatory damages and $500,000.00 in punitive dam-

ages. All of the verdicts totaled $4.75 Million Dollars in favor of the plaintiffs. Transcraft has requested a stay of execution of the judgment pending appeal.

The Liberty Mutual Insurance Company issued two policies to Transcraft in the total amount of $5.5 Million Dollars prior to the accident. Liberty Mutual has acknowledged that the $3.5 Million Dollar award of compensatory damages is covered under the terms of the insurance policies and that that award will be paid if the verdict is affirmed on appeal. However, Liberty Mutual has not determined whether the award of punitive damages is covered under the terms of the insurance policies.

Federal Rule of Civil Procedure 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

The amount of the supersedeas bond is left to the discretion of the trial court. *Northern Indiana Public Service Company v. Carbon County Coal Company*, 799 F.2d 265, 288 (7th Cir.1986); *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir.1986); and *Olympia Equipment Leasing Company v. Western Union Telegraph Company*, 786 F.2d 794, 796 (7th Cir.1986).

At the hearing on the Motion to Stay, Liberty Mutual tendered a balance sheet showing total assets as of December 31, 1987, in the amount of $1,007,169,481 with a total surplus of $46,289,269 for that year. Since Liberty Mutual has admitted liability under the insurance policies and obviously is solvent, no bond will be required for the award of compensatory damages.

The award of punitive damages presents a different problem. As previously noted, Liberty Mutual may not be responsible for paying that award. Additionally, Transcraft filed an affidavit of its

President, Milton L. Kratzer, in support of its Motion for Judgment Notwithstanding the Verdict. In part, Kratzer stated:

7. The total net operating income of the company in 1987 was $682,942.00 and in 1986 was $554,388.00.

8. The total net worth of the TRANS-CRAFT CORPORATION at the end of 1987 was $4,070,322.00.

9. Punitive damages in the amount of $1.25 Million represents almost one-third of the entire net worth of the TRANSCRAFT CORPORATION and represents more than two years of the company's total net profit.

10. The present punitive damage award will have the effect of placing the company in such a serious financial condition that it could threaten both the short-term, and the long-term financial health of the Corporation ...

Since the plaintiffs have no assurance that the award of punitive damages will be paid promptly if it is affirmed on appeal, a bond is required. Interest on the $1.25 Million Dollar punitive damage award will accumulate at approximately $100,000.00 per year. Therefore, a bond in the amount of $1.4 Million Dollars is appropriate.

The enforcement of the judgment is STAYED until September 1, 1988. The Motion for Stay of Execution is GRANTED conditioned upon the defendant posting an appropriate bond in the amount of $1.4 Million Dollars.