**Joseph DILLON, Plaintiff–Appellee,**

v.

**CITY OF CHICAGO, a municipal corporation, Defendant–Appellant.**

**Nos. 87–3008, 87–3086, 87–1149, 88–1640, 88–1865 and 88–1935.**

United States Court of Appeals, Seventh Circuit.

Submitted June 13, 1988.

Decided June 13, 1988.*

Opinion Jan. 26, 1989.

* These motions were originally decided by unreported order on June 13, 1988. The court has subsequently decided to issue the decision as an opinion.

Judson H. Miner, Corp. Counsel, Macy L. Mikva, Asst. Corp. Counsel, Chicago, Ill., for defendant-appellant.

Edward R. Theobald, Chicago, Ill., for plaintiff-appellee.

Before POSNER, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

This matter comes before the court for its consideration of the following documents in this matter:

(1) MOTION TO STAY filed herein on April 4, 1988;

(2) APPELLEE'S MOTION TO DISMISS APPEAL (88–1640) and APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO STAY filed herein on April 12, 1988;

(3) MOTION TO STAY WITHOUT POSTING SECURITY filed herein on April 20, 1988;

(4) PLAINTIFF–APPELLEE'S RESPONSE TO MOTION TO STAY WITHOUT POSTING SECURITY filed herein on May 2, 1988.

Plaintiff-appellee Joseph Dillon won a sizable jury verdict in his employment discrimination case against the defendant-appellant City of Chicago ("the City"), and also was awarded attorneys' fees and costs as the prevailing party. The City has filed two motions asking this court to stay the execution of both the judgment and the attorneys' fees. Because the district court erred in refusing to waive the requirement of bond or to otherwise stay the execution of the judgment and award of fees and costs, we reverse.

I

The procedural history of the matter is somewhat lengthy and tortuous. District Judge Frank J. McGarr presided over this

case until he retired from the bench and returned to private practice. On December 29, 1987, he entered an order awarding attorneys' fees and costs in the amount of $51,882.53. At that time, the City had not filed a motion in the district court requesting a stay of that award pending appeal, so, therefore, the order made no mention of a stay. Judge McGarr's order did state that, "Defendant is ordered to pay plaintiff's counsel these sums within 60 days of the date of this order." District Court Order dated Dec. 29, 1987 at 4.

On January 27, 1988, the City filed a motion in the district court seeking a stay and waiver of posting a supersedeas bond for both the judgment and the attorneys' fees and costs. Because Judge McGarr had retired from the federal bench by that time, the City's motion was heard by District Judge Charles P. Kocoras, sitting as emergency judge. Judge Kocoras effectively denied the City's motion. He ruled that the judgment award of $115,359.59 would be stayed, but only if the City transferred the funds in the amount of the judgment to an account controlled by the Clerk of the District Court for the Northern District of Illinois. As the City points out in its motion before this court, "Although the City need not purchase a bond, it must go through the administrative burden of transferring funds, and will be denied the use of City funds, pending appeal." Motion to Stay without Posting Security at 3. Judge Kocoras denied the City's motion to stay payment of the fees and costs award because of the language of Judge McGarr's fee award. "Judge McGarr's specific order to pay within 60 days, entered after the filing of the notice of appeal, implies that he did not think that the payment of fees should be stayed pending appeal." District Court Order of March 9, 1988, 684 F.Supp. 177, 179. Although there was no motion to stay pending at the time of the earlier order, Judge Kocoras believed that Judge McGarr's order foreclosed the possibility of issuing a stay pending appeal for the fees and costs. The City has therefore applied to this court for a stay of the execution of both the judgment and the payment of fees and costs pending appeal.

## II

■ The law in this area is clear, having been the subject of three opinions in this court over the last two years. *See Northern Indiana Public Service v. Carbon County Coal*, 799 F.2d 265 (7th Cir.1986) (waiving the requirement of bond pending appeal where the appellant was a solvent public utility, with net worth well in excess of the judgment); *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir.1986) (establishing guidelines for determination of when waiver of bond is appropriate, and finding State of Illinois procedures for payment of judgments inadequate to justify waiver of bond); and *Olympia Equipment v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986) (modifying and affirming the district court's alternative security to posting a supersedeas bond). The applicable standard of review in this area is an abuse of discretion. "Responsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal is vested initially in the district judge, and we shall reverse his decision only if convinced that he has acted unreasonably." *Lightfoot*, 797 F.2d at 507.

■ Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond. In the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement. *Carbon County Coal*, 799 F.2d at 281. When determining whether to waive the posting of bond, the district court may look to several criteria enumerated by this court: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment (*see Lightfoot*, 797 F.2d at 506 (noting that the "procedure for collecting a judgment against the State [of Illinois] is not only cumbersome and time consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the State legislature votes to appropriate the money necessary to pay it")); (4) whether

"the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" (*Olympia Equipment*, 786 F.2d at 796; *see also Carbon County Coal*, 799 F.2d at 281 (finding that the appellant, a public utility, was solvent and "good for" the judgment)); and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position (*Olympia Equipment*, 786 F.2d at 796). Applying these principles to the present case leads to the conclusion that the City should not be required to post bond, or other alternate security, to obtain a stay of the execution of the judgment or payment of fees and costs.

### III

█ The City presents a strong case in favor of staying the execution of the judgment, as well as attorneys' fees and costs, without requiring a bond. The City submitted affidavits to the district court, which the plaintiff did not dispute, outlining the mode of payment of employment discrimination judgments against the Chicago Police Department. The entire process of payment of the judgment and fees and costs should take less than thirty days, and is guaranteed to be paid from the Corporate Payroll Fund of the City of Chicago. In 1988, $484 million were appropriated for this Fund, which would appear to be more than adequate to guarantee payment of the $115,359.59 backpay award and the $51,-882.53 attorneys' fees and costs award. As the affidavit of the City Comptroller states, "Appropriations are made into the Chicago Police Department's Corporate Payroll Fund annually by the City Council in an amount designed to provide adequate funds for payment of such awards." Appellant's Motion to Stay without Security, Appendix C, Affidavit of Ronald D. Picur, Comptroller of the City of Chicago. Further, unlike the City's desultory record in payment of sizable tort judgments, the City has a history of more than adequate provision for payment of employment discrimination

* After preliminary examination of the briefs, the

judgments, paid out of the budget of the relevant departmental unit. *See* Appellant's Motion to Stay, Appendix B (attachment of Transcript of Proceedings in *Evans v. Chicago*, 77 C 419, Volume III–A Trans., pp. 15–25). This case emulates the procedure recommended in *Lightfoot*, 797 F.2d at 507, in providing a previously appropriated fund, out of which judgments may be paid.

The City has demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty. The plaintiff makes a general attack on the sufficiency of these funds, but has failed to demonstrate a single instance in which a claim of this type has gone unpaid. The City, on the other hand, presented clear evidence to the contrary in the district court. On the facts of this case then, the district court's orders with regard to the stay of execution of the judgment and payment of fees and costs pending appeal were unreasonable and so are reversed.

Accordingly, IT IS ORDERED that the execution of judgment and payment of fees and costs are stayed without bond pending appeal.