**In re OIL SPILL BY THE "AMOCO CADIZ" OFF THE COAST OF FRANCE ON MARCH 16, 1978.**

**MDL No. 376.**

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1990.

---

Frank Cicero, Jr., Kirkland & Ellis, Chicago, Ill., for Amoco parties.

T. Barry Kingham, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for Cotes–du–Nord parties.

Hill, Betts & Nash, Christopher B. Kende, Holtzmann, Wise & Shepard, New York City, for Republic of France.

Warren J. Marwedel, Keck, Mahin & Cate, Chicago, Ill., for Republic of France and Cotes–du–Nord parties.

Jeffrey D. Colman, Jenner & Block, Chicago, Ill., Joseph C. Smith, Burlingham, Underwood & Lord, New York City, for Petroleum Ins., Ltd. (Shell).

Michael J. Murphy, Lord, Day & Lord, Barrett Smith, New York City, Gerald G. Saltarelli, Butler, Rubin, Newcomer, Saltarelli & Boyd, Chicago, Ill., for American Bureau of Shipping.

Joseph Keig, Jr., James E. Betke, McDermott, Will & Emery, Chicago, Ill., for Astilleros Espanoles, S.A.

Elizabeth W. Walker, Christopher Heckman, Sterns, Smith & Walker, San Francisco, Cal., Paul McCambridge, Keck, Mahin & Cate, Chicago, Ill., for S.A. Les Grand Viviers de Porsguen: Yves–Marie Gac (d/b/a Sport Mer).

Charles Krause, Speiser, Krause & Madole, San Antonio, Tex., Susan P. Malone, John J. Kennelly, Chicago, Ill., for Hotel claimants.

Michael A. Snyder, Michael A. Snyder & Assoc., Chicago, Ill., for Bugsier Reederei und Bergungs, A.G.

Frank J. McGarr, Special Master, Phelan, Pope & John, Ltd., Chicago, Ill.

## ORDER

NORGLE, District Judge.

Before the court are the motions of the Amoco Parties [1] (collectively "Amoco"), the Republic of France ("France"), and Astilleros Espanoles ("Astilleros") to stay execution of their respective judgments pending appeal. For the reasons discussed below, Amoco and France are each granted a stay without bond and Astilleros is denied a stay without bond. The court will deal with each motion in turn.

Rule 62(d) of the Federal Rules of Civil Procedure enables an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a supersedeas bond. However, the district court, in its discretion, may waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988); *United States v. Tit's Cocktail Lounge*, 873 F.2d 141 (7th Cir.1989). There are five factors which a district court may consider in determining whether to waive the posting of bond:

(1) the complexity of the collection process;

(2) the amount of time required to obtain a judgment after it is affirmed on appeal;

(3) the degree of confidence that the district court has in the availability of funds to pay the judgment;

(4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would

---

1. Amoco Production Company (including the formerly separate corporation and defendant, Amoco International Oil Company), Amoco Corporation (formerly known as Standard Oil Company (Indiana)), and Amoco Transport Company.

place other creditors of the defendant in an insecure position.

*Dillon* at 904–905.

■ In applying the above factors to the Amoco's motion, the court finds that Amoco is not required to post bond to obtain a stay of the execution of the judgments against it. Amoco's assets total $30.4 billion, its shareholders' equity exceeds $13.6 billion, and its 1989 revenues exceeded $26.7 billion. In the first quarter of 1990 alone, Amoco earned over $7 billion—more than 42 times the amount of its total judgment liability. Its net income for that quarter was almost 3 times the amount of this liability. In light of these figures, the financial stability of the Amoco [2] and its ability to pay the judgments are beyond serious doubt.[3] In addition, it is not disputed that much of Amoco's assets are located in this country, within the reach of its judgment creditors.

The plaintiffs present no arguments regarding the complexity of the collection process or the amount of time required to obtain a judgment after it is affirmed on appeal. Therefore, all factors on which arguments have been presented weigh in favor of granting Amoco's motion.

■ Similarly, the court finds that there are ample grounds for waiving the bond requirement as to France. There can be no doubt that France is financially stable and has sufficient funds, both in the United States and abroad, to pay its $35,862.52 judgment to Amoco. Further, France presently has a judgment for more than $100 million in this action against Amoco, against which the $35,862.52 can be offset. Thus, the court finds that there are sufficient reasons to waive the requirement that France post a bond to secure its stay.

■ By contrast, the court finds that Astilleros has not provided sufficient grounds for waiving bond in its case. Unlike Amoco and France, Astilleros wholly failed even to address the *Dillon* factors, and has made no effort to show that it either has funds available to pay the judgments against it or is in a financially stable condition. Instead, Astilleros devotes much of its brief to a rambling discourse on due process into which it weaves its never-ending arguments on personal jurisdiction. However, Astilleros has argued and lost its personal jurisdiction defense both in this court and in the Seventh Circuit. *See In re Oil Spill by the Amoco Cadiz off the Coast of France on March 16, 1978,* 699 F.2d 909 (7th Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983). Having thereafter declined to participate in the proceedings on merits of this case, Astilleros will not now be heard to claim lack of due process. Upon posting bond, Astilleros can prevent its judgment creditors from executing judgment while it appeals the personal jurisdiction for a second time. Astilleros has made no effort to demonstrate that it is financially unable to post a bond. Thus, Astilleros has failed to meet its burden as movant in establishing grounds for waiving bond.

On the other hand, there are good reasons for requiring Astilleros to post bond here. If Astilleros' briefs establish anything, it is that Astilleros has no intention of recognizing this court's judgments against it. Far from assuring the court that it will pay the judgments, Astilleros has given this court the impression that it will not recognize this court's jurisdiction—even if it loses on appeal. Further, by its own admission, Astilleros has no assets in

**2.** The plaintiffs do not argue that Amoco is financially unstable. Rather, they argue that before the appeals are decided, Amoco may suffer some unforseen financial disaster. The court finds that this argument is too speculative to merit consideration—particularly where the plaintiffs have not pointed to anything looming on the horizon which is reasonably likely to send Amoco spiralling into bankruptcy. In addition, Amoco has agreed to submit periodic financial reports so that its financial health can

be monitored by the court and the plaintiffs should such a remote contingency materialize.

**3.** Although there is some question as to whether the judgment creditors would have access to the Brest Fund (the fund established by Amoco Transport Company in Brest, France under the International Convention of Civil Liability for Oil Pollution Damage), the parties opposing Amoco's motion do not argue that they will otherwise be unable to collect from Amoco.

this country or anywhere within reach of this court which could be used to satisfy the judgments against it, should those judgments be affirmed on appeal. For these reasons, the court holds that Astilleros is denied a stay without bond.[4]

IT IS SO ORDERED.

---

**4.** In its briefs, Astilleros argues that it would need to post a bond in the amount of $432 million to obtain an automatic stay. Astilleros apparently arrived at this $432 million figure by adding the damages for which it and Amoco are jointly and severally liable to the plaintiffs, and the damages for which it has indemnity liability to Amoco. However, as Amoco points out in its Reply Opposition to Astilleros' motion, the cross-satisfaction provisions in the judgments prevent such multiple recovery. In other words, Astilleros is not required both to pay the plaintiffs directly and also to pay Amoco for indemnity on the same obligation—the satisfaction of the former obligation automatically satisfies the latter. Thus, such multiple recovery must be discounted in calculating Astilleros' total liability for the purposes of the supersedeas bond.