LIBERTY MUTUAL INSURANCE COMPANY, as subrogee of Arbogast & Bastian, Inc., and Liberty Mutual Insurance Company, Plaintiffs,

v.

BANKERS TRUST COMPANY and Rotches Pork Packers, Inc., Defendants.

No. 88 Civ. 3421 (RPP).

United States District Court, S.D. New York.

July 29, 1991.

Ballon, Stoll & Itzler by Richard Weinberger, New York City, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler by Robert Fracasso, New York City, for defendant Bankers Trust Co.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Bankers Trust Co. moves pursuant to Rule 62(d) of the Federal Rules of Civil Procedure for a stay of execution and enforcement of judgment pending appeal and also moves that it not be required to post a supersedeas bond as a condition of the stay.

 In considering whether to grant a stay of judgment pending appeal, a court will consider whether the petitioner is likely to prevail on the merits, whether the lack of a stay will irreparably injure the petitioner, whether issuing a stay will substantially injure the other party or parties, and whether the public interest tends toward granting or denying the stay. *Morgan Guaranty Trust Co. v. Republic of Palau*, 702 F.Supp. 60 (S.D.N.Y.1988), *vacated on other grounds*, 924 F.2d 1237 (2d Cir.1991). Fed.R.Civ.P. 62(d) provides in part that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule."

### 1. Application for a Stay

Bankers Trust has not shown that it will be harmed in any way if the stay is not granted. However, an application for a stay of a money judgment is normally granted when a supersedeas bond is posted to secure the amount of the judgment pursuant to Fed.R.Civ.P. 62(d), pending appeal. Accordingly, the application for a stay is granted, but Bankers Trust must post a supersedeas bond.

### 2. Requirement of a Supersedeas Bond

Defendant Bankers Trust submits a copy of its 1990 Annual Report in support of its argument that it should not be required to post a bond to secure the judgment against it. Affidavit of James T. Byrne, Jr., July 15, 1991, Exhibit A. Defendant also cites *Morgan Guaranty Trust Co. v. Republic of Palau* in support of not requiring it to post the bond as is customary in this district and circuit. The facts of that case, however, were unusual and do not resemble the present case. *Morgan Guaranty* involved a $45 million judgment against Palau, "an impecunious archipelago" which had defaulted on debts it was unable to pay. 702 F.Supp. at 62. The District Court found that requiring a bond in the full amount of the judgment would not make a difference in whether or not Palau would eventually satisfy the judgment against it and would have a severe impact on Palau's public budget and fiscal health. *Id.* at 66. The court required Palau to post a partial bond in the amount of the interest payments due since default but did not excuse it entirely from the bond requirement. 702 F.Supp. at 65. Furthermore, in that case, the District Court relied on the Second Circuit's opinion in *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), in which the Second Circuit held that in some circumstances an "inflexible requirement" for "denial of a stay of execution unless a supersedeas bond is posted" can amount to unjust confiscation of the debtor's property, 784 F.2d at 1154. *Morgan Guaranty, supra*, 702 F.Supp. at 65. The circumstances in *Texaco* were that Pennzoil had won a judgment of approximately $12 billion against Texaco and posting a bond for that amount was likely to force Texaco into bankruptcy or liquidation with severe economic impact on hundreds of thousands of shareholders, employees and others. The circumstances of this case are in no way comparable to that situation or to the situation in *Morgan Guaranty, supra*.

Accordingly, Bankers Trust has not shown that it should be excused from the customary practice of posting a supersedeas bond in the amount of the judgment, pending appeal, and the Court declines to exercise its discretion to excuse Bankers Trust from that requirement. Bankers Trust moves in the alternative that it should be allowed to put the money in an

**132**

escrow account at Bankers Trust and thus avoid the cost of posting a bond. Bankers Trust has enjoyed the use of this money for several years pending the resolution of this dispute. The cost of posting the supersedeas bond is simply a cost of doing business and Bankers Trust has not given the Court any reason to believe that incurring this cost will harm it or the public interest. Nor has Bankers Trust shown any reason to deviate from the usual rule.

### CONCLUSION

Bankers Trust's motion for a stay of execution of the judgment against it is granted subject to the condition that it post a supersedeas bond pursuant to Fed. R.Civ.P. 62(d), in the full amount of the judgment against it plus the interest which will accrue pending appeal.

IT IS SO ORDERED.