The **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Bank of Horton, Plaintiff,**

v.

**Anthony PIZZUTI, Connie Pizzuti and Francis M. Pizzuti, Defendants.**

**Civ. A. No. 91–2252–GTV.**

United States District Court, D. Kansas.

Dec. 28, 1992.

Donald E. Bucher and Darcy V. Hennessy, Moore & Bucher, P.C.; and J. Bryan Allee, Kansas City, MO, for plaintiff.

Edward G. Collister, Jr., Collister & Kampschroeder and Jeffrey O. Heeb, Petefish, Curran, Immel & Heeb, Lawrence, KS, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Under consideration by the court is plaintiff's *Motion to Order Release of Bond* (Doc. 85). The motion seeks an order of this court directing the Clerk of the District Court of Brown County, Kansas, to release to the plaintiff, Federal Deposit Insurance Corporation, as Receiver for the Bank of Horton, an injunction bond in the amount of $10,000.00 presently held by the clerk. The defendant, Anthony Pizzuti, has filed an objection to the motion (Doc. 89).

This case was originally filed in the District Court of Brown County, Kansas, by the Bank of Horton. The District Court of Brown County issued a temporary injunction restraining the defendants from releasing certain certificates of deposit. The temporary injunction was issued on the condition that the bank post an injunction bond in the amount of $10,000.00. The bank satisfied the condition by posting a cash bond of $10,000.00 with the clerk. While the action was pending and the temporary injunction was in effect, the FDIC became the receiver for the bank, and was substituted as plaintiff. The case was then removed to this court.

Plaintiff's motion is denied. However, because the case has been removed to this court, and to facilitate orderly supervision and disposition of this case, the Clerk of the District Court of Brown County, Kansas, is directed to forward the bond to the clerk of this court for deposit in the registry of the court in an interest-bearing account.

Plaintiff argues that its motion to release the bond is governed by 12 U.S.C. § 1822(a), a section of FIRREA, which provides in part:

> "The Corporation as receiver of an insured depository institution or branch of a foreign bank shall not be required to furnish bond and may appoint an agent or agents to assist it in its duties as such receiver."

The court does not concur in plaintiff's argument. I construe the statutory provision as dealing only with the traditional requirement that one appointed as a receiver should give a bond for faithful performance before embarking on its duties, and not with the question of whether the FDIC as receiver should be required to post an injunction bond.

*Resolution Trust Corporation v. Elman*, 949 F.2d 624 (2d Cir.1991)[1] cited by plaintiff in support of this argument is inapposite. There, the question before the court was whether, as between the RTC and a law firm which had previously represented a failed financial institution, the law firm had a retaining lien under New York law on the files and client papers that had come into its possession, as security against the payment of its fees. The Second Circuit held that as against the RTC the law firm held no retaining lien. Whether the RTC could be required to give an injunction bond if such a lien existed was not actually decided by the court.

The case now before this court is analogous to *Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222 (10th Cir.1987), where it was held that the FDIC as receiver for a bank was not entitled to exoneration of a supersedeas bond posted by the bank prior to its insolvency to stay the execution of judgment pending appeal. The FDIC urged that 28 U.S.C. § 2408, which provides:

---

**1.** Cited in plaintiff's reply brief as 949 F.2d 624.

"Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution of any proceeding."

entitled it to exoneration of the supersedeas bond. The rationale of the court in denying exoneration was that (p. 226):

"[t]he United States is generally entitled to a stay of execution without giving security because judgments against the United States are paid out of a general appropriation to the Treasury set up specifically for that purpose. *See Lightfoot v. Walker,* 797 F.2d 505, 507 (7th Cir. 1986). The result is that collections of judgments against the United States are usually less cumbersome and time-consuming than collections of judgments against other entities."

The same reasoning is appropriate to the case now before the court. Under Fed. R.Civ.P. 65(c), which the court considers to be now applicable to this case, security is required to obtain a temporary restraining order or a preliminary injunction "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." The purpose of a supersedeas bond on appeal is not entirely dissimilar.

Should the defendants be found to have been wrongfully enjoined, they may look to the bond for satisfaction of their costs and damages, a procedure less cumbersome and time-consuming than collecting from the FDIC.

IT IS, THEREFORE, BY THE COURT ORDERED, that plaintiff's Motion to Order Release of Bond (Doc. 85) is denied.

IT IS BY THE COURT FURTHER ORDERED, that the Clerk of the District Court of Brown County, Kansas, is directed to forward the bond and security in question to the Clerk of the United States District Court, 812 North 7th Street, Kansas City, Kansas 66101, where it shall be maintained in the registry of the court in an interest-bearing account to await the further order of the court.

Copies of this order shall be mailed to counsel of record for the parties and to the Clerk of the District Court of Brown County, Kansas, Brown County Courthouse, Hiawatha, Kansas 66434.

IT IS SO ORDERED.