921 F.Supp. 153 (1996)
FEDERAL DEPOSIT INSURANCE CORPORATION, as conservator for Crossland Federal Savings Bank, Plaintiff,
v.
A & R CONSTRUCTION, INC., Westminster Construction, Inc., doing business as Westminster Construction Co., Bernard Renzi, Philip B. Renzi, Attilia Renzi, Providence College and Philip Renzi, Defendants.
No. 91 CV 2900.
United States District Court, E.D. New York.
April 3, 1996.
*154 Cullen & Dykman (Peter J. Mastaglio, of counsel), Garden City, NY, for plaintiff.
Mailman & Gigante (Gary Mailman, of counsel), New York City, for defendants.

MEMORANDUM AND ORDER
NICKERSON, District Judge:
By memorandum and order dated February 26, 1996, the court awarded plaintiff $ 621,000 with interest from the date of commencement of the action. Plaintiff has asked the court to award attorneys' fees as well. Defendant Providence College (Providence) opposes plaintiff's request for attorneys' fees. Providence also asks the court to amend the judgment with respect to the date from which Providence owes interest, and to stay execution of the judgment pending appeal without requiring Providence to file a supersedeas bond.
The guaranty upon which plaintiff brought this action contains a limit of $ 621,000. Plaintiff says that the court's decision to award interest reflects an understanding that the $ 621,000 limit does not preclude recovery beyond that amount. But the court awarded additional interest based on N.Y.Civ.Prac.L. & R. § 5001 not on the provision of the guaranty covering interest and attorneys' fees. The guaranty is explicit in limiting liability to $ 621,000, and there is no independent statutory basis for attorneys' fees. Plaintiff's request is denied.
Providence interprets the courts ruling that plaintiff may have interest "from the date of commencement of the action" to mean from the date on which it filed its amended complaint asserting a claim on the Byron guaranty. But N.Y.Civ.Prac.L. & R. § 5001(b) provides that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed," not from the filing of the claim.
Providence, adverting to its financial health, also asks the court to exercise its discretion to stay enforcement of the judgment without requiring it to file a supersedeas bond. Federal Rule of Civil Procedure 62(d) allows an appellant to obtain a stay pending appeal by posting a supersedeas bond. But the court may waive the bond requirement. See 7 James Wm. Moore, Moore's Federal Practice ¶ 62.06 (2d ed. 1995).
*155 Factors in addition to the judgment debtor's ability to pay must also be considered before granting a stay without the posting of a supersedeas bond, including the complexity of the collection process and the amount of time required to collect on a judgment after it is affirmed on appeal. See Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir.1988). See also Liberty Mut. Ins. Co. v. Bankers Trust Co., 769 F.Supp. 130, 131 (S.D.N.Y.1991).
While the court does not doubt Providence's affluence or its good intentions, it is less certain whether collection procedures in Rhode Island will allow plaintiff to enforce its judgment quickly if the judgment is affirmed.
Providence says that a supersedeas bond for the amount of the judgment will cost $ 4,000. Because this expense seems hardly likely to harm Providence or its other creditors, the court will not deviate from the "usual rule" of requiring a bond as a condition of stay. Liberty Mutual, supra, 769 F.Supp. at 132.
Plaintiff's request for attorneys' fees is denied. Providence's applications are also denied. The court will stay execution of the judgment for ten days from the date of this memorandum and order.
So ordered.