**Donald T. MAHARAN and Patricia A. Maharan, Plaintiffs,**

v.

**BERKSHIRE LIFE INSURANCE COMPANY, Defendant.**

No. 93–CV–135C.

United States District Court, W.D. New York.

Dec. 18, 1996.

Lawrence A. Schulz, Orchard Park, NY, for plaintiffs.

Phillips, Lytle, Hitchcock, Blaine & Huber (Paul K. Stecker, and Peter D. Braun, of counsel), Buffalo, NY, for defendant.

DECISION AND ORDER

CURTIN, District Judge.

Judgment has been entered against defendant Berkshire Life Insurance Company in the amount of $445,095.92, inclusive of prejudgment interests and costs. On November 8, 1996, defendant filed a motion for a stay of execution of the judgment pursuant to Rule 62 of the Federal Rules of Civil Procedure.

Plaintiff does not object to the stay, as long as a supersedeas bond is posted in accordance with Rule 62(d) of the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 62(d) provides that an appellant may obtain a stay by giving a supersedeas bond. Subsection (f) of that rule provides that in any state in which a judgment is a lien on the property of the judgment debtor, the judgment debtor is entitled to such stay as would be accorded had the action been maintained in the state court.

Defendant therefore invokes the state remedy provision of Rule 62(f) and relies on CPLR § 5519(b), which provides in relevant part:

> If an appeal is taken from a judgment ... entered against an insured ... defended ... under a policy of insurance the limit of the liability of which is less than the amount of said judgment ..., all proceedings to enforce the judgment ... shall be stayed pending the appeal....

Where the amount of the judgment does not exceed the value of the policy, section 5519(a)(2) applies. This section authorizes a stay pending appeal where "an undertaking [in the amount of the judgment] is given that if the judgment ... is affirmed, ... the appellant ... shall pay the amount directed to be paid...."

CPLR § 5519(b) is clearly not directly applicable to the present situation. Section 5519(b) "applies when the judgment exceeds the amount of the policy.... An insurer invoking subdivision (b) waives any defense it might have had against its insured on the policy." David Siegel, Practice Commentaries, N.Y.C.P.L.R. § 5519 (McKinney's 1995). The reasoning behind this provision is that the "presumed solvency of insurers" doing business in New York guarantees the judgment.

According to the defendant:

> Although Berkshire is not, as a technical matter, entitled to an automatic stay, it is within the spirit, if not the letter, of CPLR 5519(b), incorporated by reference in Rule 62(f), Fed.R.Civ.P., that Berkshire should not be required to file a supersedeas bond in order to obtain a stay. Under the

aforementioned CPLR provision, a judgment creditor is entitled to a stay without court order where the action in which the judgment on appeal was entered is defended by an insurer. In this case, the judgment debtor, Berkshire, is itself an insurer.

Defendant's argument has some merit. It is difficult to see why an insurance company should be required to post a bond when it is being sued by an insured, when the insured would not be required to post bond if it were defended by the insurance company.

On the other hand, section 5519(b) applies specifically to situations where the amount of the judgment is more than the liability limit of the insurance policy, and section 5519(a)(2) appears to apply to all other cases. It states:

**(a) Stay without court order.** Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:

.    .    .    .    .

2. The judgment or order directs the payment of a sum of money, and an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed.

Neither party cites a case which answers this question directly, because neither party cites a case in which an insurance company was the defendant. However, at least one case stands for the proposition that the unquestionable solvency of the judgment debtor does not excuse that party from the bond requirement. In *Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F.Supp. 130, 131 (S.D.N.Y.1991), the defendant submitted its annual report in support of its argument that it should not have been required to post a bond to secure the judgment against it. The court held that Bankers Trust would not be

excused from the customary practice of posting a bond. According to the court:

> Bankers Trust has enjoyed the use of this money for several years pending the resolution of this dispute. The cost of posting the supersedeas bond is simply a cost of doing business and Bankers Trust has not given the Court any reason to believe that incurring this cost will harm it or the public interest. Nor has Bankers Trust shown any reason to deviate from the usual rule.

*Id.* at 132.

In considering this application, defendant has supplied to the court a copy of its appellate brief, and plaintiff has filed a letter reply (Item 19). The court has considered all of the other factors listed in the *Bankers Trust* case and has determined that none of the cases cited by defendant, in which the bond requirement was waived, are persuasive because all were decided on extreme facts where the bond requirement would have done significant harm to either the judgment debtor or the public interest. For example, in *Trans World Airlines, Inc. v. Hughes,* 515 F.2d 173, 177 (2d Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976), the Court of Appeals required only a partial bond on a $145 million judgment because it found that obtaining a supersedeas bond on that amount would be impracticable. In *Texaco v. Pennzoil,* 784 F.2d 1133 (2d Cir.1986) *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), the Court of Appeals required no bond on a judgment of more than $11 billion due to the "extraordinary circumstances" of the case. In fact, in requiring a bond, the *Bankers Trust* court observed that "[t]he circumstances of this case are in no way comparable to [*Texaco* ]." *Bankers Trust* 769 F.Supp. at 131.

Consequently, this court applies the plain language of Fed.R.Civ.P. 62 and CPLR § 5519(a)(2), as well as the reasoning of the *Bankers Trust* court. The facts of the present case do not fit into the exception established in CPLR § 5519(b). Moreover, defendant has not given the court any reason to believe that incurring this cost will harm it or the public interest.

## CONCLUSION

Defendant's motion for a stay without posting a bond is denied, and defendant is ordered to post a supersedeas bond, in the full amount of the judgment against it plus the interest which will accrue pending the resolution of the appeal.

So ordered.