14-1388(L)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: December 23, 2014          Decided:  April 17, 2015)

Docket Nos. 14-1388(L); 14-1437(XAP)
_____

IN RE NASSAU COUNTY STRIP SEARCH CASES

GARDY AUGUSTIN, et al.,

*Plaintiffs-Appellees-Cross-Appellants*,

-- v. --

NASSAU COUNTY SHERIFF'S DEPARTMENT, et al.,

*Defendants-Appellants-Cross-Appellees*.

_____

Before:

HALL, CHIN, and DRONEY, *Circuit Judges*.

_____

Appellants Nassau County and certain county officials seek a stay, pending appeal, of an April 11, 2014 district court judgment, without being required to post a bond or comply with other conditions. Adopting and applying criteria to decide whether to waive the supersedeas bond requirement under Fed. R. Civ. P. 62(d), we GRANT Appellants' motion.

_____

ROBERT LLOYD HERBST, NEW YORK, NEW YORK, *for Plaintiff-Appellee-Cross-Appellant*

JONATHAN CLIFFORD MOORE, Beldock Levine & Hoffman LLP, New York, New York, *for Plaintiff-Appellee-Cross-Appellant*

JEFFREY G. SMITH, Wolf Haldenstein Adler Freeman & Herz LLP, New York, New York, *for Plaintiff-Appellee-Cross-Appellant*

MATTHEW D. BRINCKERHOFF, Emery Celli Brinckerhoff & Abady LLP, New York, New York, *for Plaintiff-Appellee-Cross-Appellant*

ROBERT F. VAN DER WAGG AND GERALD R. PODLESAK, Office of the Nassau County Attorney, Mineola, New York, *for Defendants-Appellants-Cross-Appellees.*

_____

PER CURIAM:

For more than a decade, the parties in this matter have litigated in the United States District Court for the Eastern District of New York the constitutionality of Nassau County's blanket policy of strip searching individuals

2

arrested for misdemeanors or non-criminal offenses. The defendants, Nassau County municipal employees and entities (collectively, "Nassau County"), conceded liability, and the district court (Hurley, J.) entered summary judgment on that issue. In 2012, however, the Supreme Court held in *Florence v. Bd. of Chosen Freeholders*, 132 S. Ct. 1510 (2012), that under certain circumstances, the Fourth Amendment does not prohibit such searches. In light of that decision, Nassau County moved to vacate the summary judgment order and to dismiss the case. The district court granted the motion as to the federal constitutional claim but denied the request as to the state constitutional claim and entered final judgment in favor of the plaintiffs.

After the parties filed cross-appeals, the district court, pursuant to Fed. R. Civ. P. 62(d), granted in part Nassau County's motion to stay enforcement of the judgment; the court imposed, however, a 180-day deadline to deposit funds or to post a bond over Nassau County's objections. Nassau County has moved to stay the district court's judgment pending appeal without being required to post a bond or comply with other conditions. For the reasons that follow, we granted Nassau County's motion by order dated December 23, 2014.

## BACKGROUND

### A.    Concession of Liability and Judgment

In 1999, the plaintiffs brought three separate actions, later consolidated, alleging they had been arrested on misdemeanor charges and were strip searched, without individualized suspicion, in violation of their federal and state constitutional rights.  Nassau County conceded liability "for all purposes" in light of our holding in *Shain v. Ellison*, 273 F.3d 56 (2d Cir. 2001), that the strip search policy violated the Fourth Amendment.  After the district court denied multiple motions for class certification, Nassau County entered into a settlement agreement with the ten named plaintiffs, who expressly retained the right to appeal the denial of certification on behalf of the putative class.  On appeal, we instructed the district court to certify a class as to liability and to consider whether to certify a class as to damages.  *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 230-31 (2d Cir. 2006).  The district court certified both classes, granted summary judgment on liability in favor of the plaintiffs in light of Nassau County's concession, and held a bench trial on damages.

In 2012, before the district court entered final judgment, Nassau County moved to vacate the summary judgment order and to dismiss the action based

on the Supreme Court's decision in *Florence*, 132 S. Ct. at 1513 (holding that "every detainee who will be admitted to the general population [of a jail] may be required to undergo a close visual inspection while undressed"). The district court granted the motion as to the federal claim, holding that *Florence* constituted an intervening change in controlling law. As to the state law claim, however, the district court determined that *Florence* did not warrant vacatur of Nassau County's concession of liability. The district court entered final judgment, awarding $11.5 million to the class on the state claim, and directed Nassau County to deposit the funds with the court within 30 days. The parties filed cross-appeals from that judgment, which are currently pending.

## B.    Rule 62(d) Motion

Nassau County then moved in the district court, pursuant to Rule 62(d), to stay enforcement of the judgment pending appeal without requiring a bond. At a May 2014 hearing, the district court engaged in two analyses. First, the district court found that Nassau County had satisfied the traditional stay factors under *Hilton v. Braunskill*, 481 U.S. 770 (1987); *see* Fed. R. App. P. 8(a). Second, the district court explained that its concern was not whether the plaintiffs would ultimately be paid if they prevailed on appeal (because Nassau County had

5

ample resources), but whether they would be paid in a timely fashion. The district court ruled that Nassau County's obligation to deposit the funds with the court would be stayed for 180 days, or indefinitely, if Nassau County posted a bond within that period. The district court also held that no funds would be disbursed to the class members unless and until the plaintiffs prevailed on appeal.

## DISCUSSION

The parties have filed their main briefs. Nassau County now moves "for a continuation of the temporary stay but without the depositing of monies or the posting of a bond or the requirement of any condition while the appeal to this Court is pending." Nassau County argues, *inter alia*, that pursuant to the district court's order, the plaintiffs "must wait anyway" to recover until the conclusion of the appeals process, and that it is essentially guaranteed that Nassau County, a government entity, will pay the judgment if the plaintiffs prevail. On December 23, 2014, we issued an order granting Nassau County's motion to stay enforcement of the district court's judgment, without the posting of a bond or other condition, noting that an opinion would follow in due course.

Rule 62(d) provides that an appellant is entitled to a stay pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). The purpose of the rule is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997). A district court therefore may, in its discretion, waive the bond requirement "if the appellant provides an acceptable alternative means of securing the judgment." *FDIC v. Ann-High Assocs.*, No. 97-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per curiam); *see Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) ("[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.").

This Court has not announced, in a reported decision, what factors a district court may consider in determining whether to waive the supersedeas bond requirement under Rule 62(d). The Seventh Circuit, however, has enumerated several criteria, which we now adopt as non-exclusive factors that a district court may consider:

(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal quotation marks and citations omitted). These criteria, in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(d): to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed. *Cf. Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1 st Cir. 2002). (per curiam) ("Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy.").

Here, as did the appellant in *Dillon*, Nassau County has demonstrated the existence of appropriated funds, "available for the purpose of paying judgments without substantial delay or other difficulty." *Id.* at 905. The plaintiffs offer no evidence to the contrary. They argue only that the Nassau County Legislature had not, at the outset of briefing, passed an ordinance or bond resolution to

8

provide for immediate payment.  Nassau County reports that the ordinance has since been adopted and that final approval is a "formality."  Applying the *Dillon* factors to these facts, there is no practical reason to require Nassau County to post a bond or deposit funds in order to secure a Rule 62(d) stay pending appeal.

Accordingly, IT IS ORDERED that the judgment, including the order for payment of fees and costs, is stayed without bond or other condition pending appeal.