68 U.S. 405 (1863)
1 Wall. 405
BRONSON & SOUTTER, Complainants and Appellants,
v.
THE LA CROSSE AND MILWAUKEE RAILROAD CO.; THE MILWAUKEE AND MINNESOTA RAILROAD CO., CHAMBERLAIN ET AL. [Appeal.] ALSO, THE MILWAUKEE AND MINNESOTA RAILROAD CO., Appellants,
v.
SOUTTER, who survived BRONSON & SOUTTER. Trustees, &c. [Cross Appeal.]
Supreme Court of United States.

*408 Mr. Carpenter, contra.
Mr. Justice NELSON, after stating the case, delivered the opinion of the court:
The question involves the construction of two acts of Congress.
After the decision of this court at the last term, it cannot *409 be pretended that the District Court possessed any power, after the act of 15th July went into effect, to grant the orders complained of, unless it is found in the subsequent act of 3d March, 1863.
It is supposed that the orders are warranted by the last clause of the act, namely, "or to use such other powers and proceedings as may be in accordance with law, to enforce the judgments and decrees." We do not agree to this construction. The obvious meaning and intention of this clause is, to provide for the use and exercise of such powers as might be necessary, after the issuing of execution or other final process, in order to insure the execution of the process; such as are necessary to regulate and control the ministerial duties of officers in the execution of final process. The exercise of such powers are frequently necessary, and are familiar to the profession and the courts, and when authority was given to the District Courts under this act to issue execution on final judgments or decrees that had already been rendered in their courts, it was fit and proper to confer this additional power, otherwise the final process might be unavailable. But if other powers, beyond the enforcement of the ministerial, duties of the officers, in the execution of final process, become necessary, recourse must be had to the jurisdiction of the Circuit Court. We are also of opinion that, according to the true construction of the act, the judgments or decrees there referred to are those disposing of the whole case, so that nothing is left to be done but to issue the final process; that if any proceedings remain to be taken for the purpose of completing the final disposition of it, the case or suit pending is not one within the provisions of the act. It belongs to the cognizance of the Circuit Court.
Another reason why this particular case is not within the provisions of the act of the 3d March is, that the District Court, even if it had jurisdiction of the proceedings, would not be warranted in taking any steps in the execution of the decree in favor of the appellants. They having appealed from the decree, it would be against all reason and principle to permit them to proceed in the execution of it, pending the *410 appeal. They assert the decree is founded in error, and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal. The appeal suspends the execution of the decree. This is not a case where security is to be given in order to supersede the execution. That rule applies in cases where the decree or judgment is against the party appealing, and who desires to suspend the issuing of execution by the adverse party until the appeal is heard and determined. It is true that the adverse party in this cause has entered a cross-appeal, but, as the appeal already taken had superseded the execution, a bond in the cross-appeal would have been an act of supererogation. It would have been otherwise if the complainants, in whose favor the decree was rendered in the court below, had not appealed.
To guard against misconstruction in respect to the powers of a court having jurisdiction over the subject-matter, and where a decree has been rendered affecting the property in litigation  the road in this case  and an appeal is taken to this court, as the property in controversy is not brought into the appellate tribunal, but remains in the custody and care of the court below, it is agreed that full power exists in that court, pending the appeal, to adopt all proper and judicious measures to protect and preserve it from waste or loss. For this reason there can be no well-founded objection in the present case to the running of the road, and the reasonable application and expenditure of its revenues for that purpose. Beyond this, any appropriation of the revenues is not warranted. They should be reserved for such disposition as may be directed by the final decree in the cause.
For the reasons above given, we are entirely satisfied, on the facts set forth in support of this motion, and upon which it is founded, that the District Court has not only misconstrued its powers under the acts of Congress in question, but has overlooked the effect of the appeal from the decree in their favor by the complainants below in the first entitled cause, and is acting under that decree upon a misapprehension of its powers, and without authority of law.
The only remaining question in the case is as to the proper *411 remedy to be applied. We do not doubt but that the learned court below is acting upon a sincere conviction that it possesses full power and authority to make the several orders complained of, and that it is influenced by a high sense of duty, and what is believed to be for the best interest of all parties concerned in this most complicated, difficult, and severely contested cause, and that it needs but to be advised by the opinion of this court on the motion, to conform to the views of the court as there expressed. For the present, therefore, we shall withhold the appropriate remedy, with liberty to the counsel to apply hereafter to the court if necessary in the matter.
Mr. Justice CATRON:
1. I agree that no writ of prohibition ought to issue on this cause, and that the motion for such writ must be refused.
2. As to the advice proffered in the court below, I do not agree. There are no facts before us on which we can, judicially, make any order binding the parties or the District Court, nor is any motion before us calling for action on the part of this court, except the motion for a writ of prohibition. I am, therefore, unwilling to give any opinion (or rather advice), offered by the majority of the court.

NOTE.
Besides the branches of the case presented as in the preceding pages, another part of the case, involving chiefly questions of fact, and among these largely questions of accounts and of fraud  the fact part, as we may style it, of the controversy  was heard and decided in an equity suit at this term. It is this part of the case which, in connection with the discussion upon it, invited, probably, the characterization above given of the suit as a "most complicated, difficult, and severely contested cause." The record of the case filled more than one thousand large 8vo. pages, of small pica type, set "solid;" a record, therefore, itself greatly larger than the whole of the present volume. The discussion of the case, too, by counsel, consumed no small fraction of a five months' term. The Reporter presumes that he need make but slight apology for not reporting this part of the case.