918 F.2d 462
 18 Fed.R.Serv.3d 803
 ENSERCH CORPORATION and Ebasco Services, Inc.,
Plaintiffs-Appellants-Appellees,
v.
SHAND MORAHAN & CO., INC., Defendant-Appellee,
and
General Accident Insurance Company of America and Evanston
Insurance Company, Defendants-Appellees-Appellants.
 No. 90-1649.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 15, 1990.
 
 Bobby R. Burchfield, Peter J. Nickles, Covington & Burling, Washington, D.C., George E. Reese, Enserch Center, James A. Rolfe, Dallas, Tex., for plaintiffs-appellants-appellees.
 Robin Hartmann, Haynes & Boone, Dallas, Tex., for defendants-appellees-appellants.
 Appeal from the United States District Court for the Northern District of Texas.
 Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 ENSERCH Corporation and Ebasco Services Incorporated, collectively "Enserch" who are judgment creditors, move to vacate an unsecured stay of execution that the district court granted to the judgment debtors. We grant the motion and vacate the stay.
 
 I.
 
 2
 Enserch (collectively "Enserch") sought defense and immunity coverage from General Accident Insurance Co. of America and Evanston Insurance Co. (collectively "Defendants"). A jury found for Enserch, and the district court entered judgment on the verdict for approximately $65 million exclusive of interest. The district court thereafter granted in substantial part Defendants' motion for judgment notwithstanding the verdict and reduced the judgment from $65 million to slightly more than $25 million. At the same time, the district court denied Defendants' motion under Federal Rule of Civil Procedure 62(d) for an unsecured stay pending disposition of the appeals.
 
 
 3
 On August 9, 1990, both Enserch and Defendants filed notices of appeal. The next day, Defendants filed an "emergency motion," arguing that because Enserch filed a notice of appeal, Enserch could not execute the district court's judgment during the pendency of the appeal. In addition, Defendants argued that Enserch's appeal relieves Defendants of their duty to post a supersedeas bond under Rule 62(d). The district court granted Defendants' motion.
 
 II.
 
 4
 Enserch's motion in this court to vacate the unsecured stay challenges the district court's conclusion that a party who loses at trial may obtain a stay of execution without posting a supersedeas bond under Rule 62(d) when the prevailing party appeals the district court's judgment. The Federal Rules of Civil Procedure do not expressly cover this issue. Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond.[1]
 
 
 5
 We have recognized an exception to this general rule for situations in which the losing party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal." Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979). Defendants in this case do not attempt to fall within this exception to Rule 62(d), and the district court previously rejected a motion by Defendants on those very grounds.
 
 
 6
 The Supreme Court has recognized one other instance when a losing party may obtain a stay without giving a bond. In Bronson v. La Crosse & Milwaukee Railroad Co., 68 U.S. (1 Wall.) 405, 410, 17 L.Ed. 616 (1864), the Court said that a district court's judgment should be stayed when a prevailing party "assert[s] that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal."[2] Bronson suggests that a lower court judgment may be suspended without bond when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment.[3] For example, in Northern Indiana Public Service, Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir.1986), the Seventh Circuit held: "A party that is trying to obtain specific performance in lieu of damages cannot at the same time attempt to execute a damage judgment."
 
 
 7
 In this case, Enserch does not argue that the district court's decree should be reversed or extensively changed, but only that the amount of damages should be increased. If Enserch prevails on appeal, therefore, the judgment of this Court would not conflict with enforcement of the original judgment of the district court.
 
 
 8
 For the foregoing reasons, Enserch's motion to vacate the unsecured stay is GRANTED. The stay of execution is therefore VACATED.
 
 
 
 [1]
 The full text of Rule 62(d) provides:
 When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.
 
 
 [2]
 Enserch properly notes that Bronson's discussion of suspension is dicta. Bronson actually held that a district court had no jurisdiction over the case. The above-quoted reasoning appeared only in the Court's counter-factual analysis: "even if [the district court] had jurisdiction of the proceedings." 68 U.S. at 410
 
 
 [3]
 One circuit extracted the following general rule from Bronson: "Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." TVA v. Atlas Mach. and Iron Works, Inc., 803 F.2d 794, 797 (4th Cir.1986). This statement mischaracterizes Bronson by omitting any reference to the purpose of the prevailing party's appeal. The Bronson Court explained that execution of the district court judgment was stayed only because the prevailing parties "assert that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal." 68 U.S. at 410. The Fourth Circuit extended Bronson to cover all cases in which the prevailing party appeals before the losing party. TVA, 803 F.2d at 797; see also Advent Sys. v. Unisys Corp., 1990 WL 20192 (E.D.Pa., Mar. 1, 1990). We decline to follow the Fourth Circuit rule