**Alma M. SEALOVER, individually, and in her capacity as Administratrix of the Estate of Donald Sealover, deceased, Plaintiff,**

**v.**

**Carey CANADA, et al., Defendants.**

**No. CV–88–0643.**

United States District Court, M.D. Pennsylvania.

Nov. 6, 1992.

John McN. Broaddus, Deborah K. Hines, Shepard A. Hoffman, Connerton, Ray & Simon, Washington, D.C., for plaintiff.

Robert B. Lawler, Beth Evans Valocchi, Wilbraham & Coleman, Philadelphia, Pa., for defendant U.S. Gypsum Co.

James P. Gannon, Barnard and Gannon, Media, Pa., for defendant W.R. Grace & Co.

MEMORANDUM

McCLURE, District Judge.

BACKGROUND

The court has before it a motion filed October 8, 1992 by defendants United

States Gypsum Company ("U.S. Gypsum"), GAF Corporation ("GAF"), and National Gypsum Company ("National Gypsum"), hereafter collectively the "CCR defendants."[1] The CCR defendants seek a stay of execution of the judgment entered by this court on July 9, 1992 (Record Document No. 282).[2] Judgment was entered jointly and severally against the CCR defendants and their co-defendant, W.R. Grace and Company ("W.R. Grace"),[3] in favor of plaintiff Alma M. Sealover, individually, in the amount of $175,022.96, inclusive of delay damages, and in favor of Sealover, as administratrix of the Estate of Donald Sealover, deceased, in the amount of $333,321.40, inclusive of delay damages.[4]

This case is currently on appeal before the United States Court of Appeals for the Third Circuit.[5] Both parties filed notices of appeal. Plaintiff's notice of appeal, filed July 20, 1992[6] raised a single issue: whether the court erred in granting defendants' motion (Record Document No. 242) to treat Johns–Manville as a settled defendant by deducting its *pro rata* share of the verdict ($101,666.67)[7] from the judgment. Defendant GAF's cross-appeal (Record Document No. 290) was not filed until July 30, 1992.[8] Defendants raise only one issue on appeal: the manner in which delay damages were calculated.

Due to the urgency of the matters raised by defendants' motion for a stay of execution, the court entered an order on October 13, 1992 (Record Document No. 300) following a telephone conference call with counsel. The court's order (1) granted the CCR defendants a stay of execution until further order of court; (2) granted plaintiff until Friday, October 16, 1992 to file an opposing brief; and (3) provided that a further order would be issued.

Plaintiff's opposing brief was filed October 14, 1992. We are now in a position to dispose of the remaining issue: whether defendants should be required to file a supersedeas bond as a condition of the stay. Fed.R.Civ.P. 62(d).[9]

---

1. U.S. Gypsum, GAF, and National Gypsum are part of a group of defendants affiliated for purposes of defending actions such as this. The group is known as the Center for Claims Resolution Defendants or "CCR defendants."

2. Defendants' motion was prompted by the filing of plaintiff's affidavit of residency in the Circuit Court of Baltimore City against U.S. Gypsum and GAF. Plaintiff also filed an affidavit of residency against W.R. Grace to record the judgment against it in the Circuit Court for Prince Georges County and Howard County, Maryland. The affidavits are attached as Exhibit 1 to plaintiff's opposing brief (Record Document No. 301).

3. A verdict was also returned against Johns–Manville Corporation ("Manville Trust") in favor of the plaintiff. Pursuant to the court's order of May 7, 1992, 791 F.Supp. 1059 (Record Document No. 253), the Manville Trust was treated as a settled defendant and the verdict molded accordingly.

4. The molded verdict for the estate is $266,651.33 plus delay damages of $66,670.07. The molded verdict for Alma Sealover, individually, is $140,015.33 plus delay damages of $35,007.63.

5. Although this case is currently on appeal to the United States Court of Appeals for the Third Circuit, this court has jurisdiction pursuant to Fed.R.App.P. 8, which provides, in relevant part:
   (a) Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action.....
   Several notices of appeal were filed. (See: Record Document Nos. 270, 276, 287, 290 and 294). Appellate Docket Nos. 92–7375, 92–7429 and 92–7416 have been assigned to the case on appeal.

6. Fed.R.App.P. 4.

7. The verdict entered against the CCR defendants and W.R. Grace was also reduced by the settlement which plaintiff received from former defendant Owens Corning Fiberglas ($95,000.00).

8. W.R. Grace filed a cross-appeal (Record Document No. 294) on August 10, 1992.

9. Rule 62(d) provides:
   When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivi-

## DISCUSSION

### *Automatic supersedeas*

▆ A district court may exercise its discretion to waive the bond requirement imposed by Rule 62(d). *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988). Defendant argues that no bond is required in this case under the Fourth Circuit's holding in *Tennessee Valley Authority v. Atlas Machine and Iron Works, Inc. ("TVA")*, 803 F.2d 794 (4th Cir.1986). In *TVA, supra*, the Fourth Circuit relied on the United States Supreme Court holding in *Bronson v. La Crosse & Milwaukee R.R. Company*, 68 U.S. (1 Wall.) 405, 410, 17 L.Ed. 616 (1863) for the proposition that if the prevailing party appeals from a judgment in its favor, the appeal suspends execution of the decree. Based on that proposition, the Fourth Circuit held that the judgment creditor's filing of the appeal operated as an automatic supersedeas, obviating the need for the cross-appellant to file a supersedeas bond. *TVA, supra*.

Although there appears to be no Third Circuit authority on point, the United States District Court for the Eastern District of Pennsylvania has cited *Bronson, supra* for the same proposition as *TVA, supra*. In *Advent Systems, Limited v. Unisys Corporation*, Civil No. 88–3100 (E.D.Pa. March 1, 1990) (WESTLAW 1990 WL 20192), the court stated: "Where the prevailing party is the first to take an appeal, no supersedeas bond can be required of the losing party when it subsequently files its own appeal, because the execution of the judgment has already been superseded by the prevailing party's appeal." Citing *Bronson, supra*, 68 U.S. at 410, the court held that defendant's motion for a stay was superfluous. The court based its holding, however, also on the fact that the plaintiff appealed from the judgment in its entirety and did not challenge "only portions of the court's post-trial rulings", stating "it seems clear that plaintiff is not in a position to seek enforcement of

the judgment until the appeal is decided." *Advent, supra*, slip op. at 1.

Plaintiff argues that we should decline to follow *TVA, supra*, because it misconstrues the United States Supreme Court holding in *Bronson, supra*. *TVA, supra*, was criticized on that point by a recent Fifth Circuit decision, *Enserch Corporation v. Shand Morahan & Company, Inc.*, 918 F.2d 462 (5th Cir.1990). The Fifth Circuit remonstrated:

> One circuit extracted the following general rule from *Bronson*: 'Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree.' ... [*TVA, supra*, 803 F.2d at 797] ... This statement mischaracterizes *Bronson* by omitting any reference to the purpose of the prevailing party's appeal. The *Bronson* Court explained that execution of the district court judgment was stayed only because the prevailing parties 'assert that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal.' 68 U.S. at 410. The Fourth Circuit extended *Bronson* to cover all cases in which the prevailing party appeals before the losing party. *TVA*, [*supra* ], 803 F.2d at 797.... [Citation omitted.] We decline to follow the Fourth Circuit rule.

*Enserch, supra*, 918 F.2d at 464 n. 3 (emphasis original).

The Fourth Circuit stated that, correctly interpreted, *Bronson, supra*, stands for the proposition that:

> ... [A] district court's judgment should be stayed when a prevailing party 'assert[s] that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal.' *Bronson* suggests that a lower court judgment may be suspended without bond when the relief sought by the prevailing party on appeal is inconsistent with enforcement of the lower court's judgment. For ex-

sion (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the

appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

ample, in *Northern Indiana Public Service, Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986), the Seventh Circuit held: 'A party that is trying to obtain specific performance in lieu of damages cannot at the same time attempt to execute a damage judgment.'

If we follow the Fourth Circuit interpretation of *Bronson, supra*, defendants would not be required to file a supersedeas bond. Plaintiff's notice of appeal would operate as an automatic supersedeas which suspends execution of the judgment without the need for a bond. If on the other hand, we follow the Fifth Circuit interpretation, defendants would not be entitled to a stay without a bond unless they proved the applicability of some other exception to the bond requirement. See generally: *Dillon, supra*, 866 F.2d at 904.

■ We agree with the Fourth Circuit's interpretation of *Bronson, supra*. Its holding in *TVA, supra*, is consistent with a long standing rule of law which precludes a litigant from accepting "all or a substantial part of the benefit of a judgment" while simultaneously challenging "unfavorable aspects of that judgment on appeal." *Price v. Franklin Investment Company, Inc.*, 574 F.2d 594, 597 (D.C.Cir.1978). Accord: *Fidelcor Mortgage Corporation v. Insurance Company of North America*, 820 F.2d 367, 369–70 (11th Cir.1987) ("[O]ne who accepts the fruits of a judgment may not appeal from that judgment.... It is well settled that when a litigant accepts the substantial benefits of a judgment, voluntarily and intentionally, and with knowledge of the facts, he waives the right to appeal from an otherwise adverse judgment.")

■ There is an exception to this rule in the case of judgments which adjudicate "separable or divisible controversies". In such cases, "the appealing party may accept the benefit of the separable or divisible feature in his favor and challenge the feature adverse to him ..." *Price, supra*, 574 F.2d at 597, quoting *Luther v. United States*, 225 F.2d 495, 497 (10th Cir.1955).

Based on these conclusions, we find that no supersedeas bond is required under the facts of this case. Plaintiff's notice of appeal was filed first, bringing into effect the automatic supersedeas. GAF's appeal was filed ten days later and attacks only the amount of delay damages assessed, not the issue of liability or the amount of other damages awarded.

The exception in the case of divisible judgments does not apply. The judgment entered against defendants is not divisible into separate awards or controversies. A single judgment was entered in favor of the two plaintiffs, i.e. the estate and Alma Sealover, individually, on the strict liability claim tried. Liability among the defendants is joint and several, and there is no rational basis for carving out a portion of the award and permitting plaintiff to execute on only that portion.

Based on all of these considerations, we find that the filing of plaintiff's appeal operates as an automatic supersedeas, and no bond is required.

*Financial ability to satisfy the judgment*

Defendants' attempt to qualify for exclusion from the bond requirement on another ground as well by arguing that the judgment will be satisfied by the CCR defense fund. Defendants argue that because payment will come from the fund, not from the corporate defendants, plaintiff is assured of payment.

■ Proof by the losing party of its ability to pay the judgment is a recognized exception to the Rule 62(d) bond requirement, provided the court is assured that the defendant will remain solvent and maintain that same ability to pay the judgment throughout the appeal process. *Dillon, supra*, 866 F.2d at 904–05 and *Avirgan v. Hull*, 125 F.R.D. 185, 186–87 (S.D.Fla.1989). We do not, however, have before us the information necessary to make such a determination. All that we have been given by defendants is the assurance in their reply brief that payment is assured by the fund. We have no information before us as to the solvency of the fund, the assets backing it, the claims presently asserted against it, etc. We cannot,

therefore, base our decision on. that ground.

\* \* \* \* \* \*

An order will be entered consistent with this memorandum.

## ORDER

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. The motion (Record Document No. 302) filed October 8, 1992 by defendants United States Gypsum Company ("U.S. Gypsum") GAF Corporation; ("GAF"); and National Gypsum Company ("National Gypsum") for stay of execution of the judgment entered July 9, 1992 is granted.

2. The stay of execution granted by the prior order entered October 13, 1992 (Record Document No. 300) remains in effect until further order of court.

3. Defendants are not required to post a supersedeas bond pursuant to Fed. R.Civ.P. 62(d).