**BASF CORPORATION, Plaintiff–Appellant, Cross–Appellee,**

v.

**The OLD WORLD TRADING COMPANY, Defendant–Appellee, Cross–Appellant.**

**Nos. 92–3471, 92–3486 and 92–3645.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 1992.

Decided Nov. 13, 1992.

Francis D. Morrissey, William Lynch Schaller, Michael A. Pollard, Michael Murtaugh, Thomas R. Nelson, Baker & McKenzie, Chicago, Ill., for plaintiff-appellant BASF Corp.

Alan S. Ganz, Marc A. Primack, Rooks, Pitts & Poust, Kenneth A. Peterson, David V. Goodsir, David H. Kistenbroker, Thomas Kottler, Freeborn & Peters, Chicago, Ill., Daniel M. Leep, John F. Maloney, McNally, Maloney & Peterson, Milwaukee, Wis., for defendant-appellee Old World Trading Co., Inc.

Before POSNER, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Rivals in the anti-freeze business sued each other for deceit. BASF won a judgment of about $2.5 million plus $275,000 in costs under the Lanham Act and state law; Old World Trading received $1 on its counterclaim. Both sides have appealed: BASF contends that it is entitled to more, and Old World that BASF should get nothing while the $1 should be increased.

■ A judgment entitles the prevailing party to the stated sum. If the loser does not pay, the winner can seize and sell its assets. An appeal by the loser does not eliminate the winner's entitlement to immediate payment, although it does create the opportunity to obtain a stay by posting a supersedeas bond. Fed.R.Civ.P. 62(d). Sometimes equivalent security may replace the bond. *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986). Old World submits that it is entitled to a stay without posting a bond or other security, contending that an appeal by the nominally prevailing party automatically stays the judgment. Nothing in Rule 62(d) supports this position, which the district court rejected; it required Old World to post a bond or suffer execution during the appeal. On this subject courts of appeals have expressed divergent views. Compare *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462 (5th Cir.1990) (appeal by prevailing party does not stay enforcement), with *Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir. 1986) ("where the prevailing party is the first to take an appeal, no supersedeas bond can be required of the losing party when it subsequently files its own appeal").

■ Old World insists that BASF is taking inconsistent positions in demanding enforcement while contending that the judgment is erroneous. Yet we know from *United States v. Hougham*, 364 U.S. 310, 312, 81 S.Ct. 13, 16, 5 L.Ed.2d 8 (1960), that a litigant may accept a tender of the amount of the judgment without forfeiting his right to seek more on appeal. See also, e.g., *United States v. F.D. Rich Co.*, 525 F.2d 760, 764–65 (7th Cir.1975). Why should things be otherwise when the loser is reluctant to pay? In either case, the holder of the judgment wants to enjoy its benefits while seeking more.

■ An appellant's theory could make enforcement of the judgment inappropriate. For example, one who demands specific performance but receives a judgment for money must defer collection if he appeals to obtain his favored remedy; he is not entitled to both remedies. *Northern Indiana Public Service Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986). The Supreme Court may have had such a possibility in mind when remarking that an appeal suspends the judgment without bond when appellants "assert the decree is founded in error, and for that reason should not be executed, but should

be reversed and corrected in the appellate tribunal." *Bronson v. La Crosse & Milwaukee R.R.*, 68 U.S. (1 Wall.) 405, 410, 17 L.Ed. 616 (1864). No matter what the Court meant 128 years ago, today the question is what Rule 62 means. Rule 62(d) requires a bond as a condition of the stay of a money judgment during an appeal. There are some automatic exceptions—for example, when the losing party is the United States or a federal agency, Rule 62(e)—but an appeal by the victor is not among them. Rule 62(g) provides that the other subsections of that rule do not limit the powers of appellate courts, but the discretion preserved by Rule 62(g) differs from the automatic stay Old World seeks.

For six years, until the district court resolved the case, Old World held the disputed stakes. BASF was at risk that business reverses or other developments might render Old World unable to pay any sum ultimately awarded. Now that BASF has carried its burden of persuasion and possesses a judgment, it is entitled to be made secure during the steps leading to the final disposition. So much would be clear if Old World were the only appellant. Old World's belief that BASF should get nothing does not justify leaving the prevailing party at risk. A bond secures both sides: the winner is sure to recover if the judgment is affirmed, and the loser need not fear inability to recoup if the judgment is reversed. If the loser must pay or post security even though the judgment may be too high, the need for security is even more urgent if the judgment may be too low. To see this, suppose BASF is right and the judgment should be increased; in that event BASF is under-secured even if Old World posts a bond for the full amount of the judgment. If instead BASF is wrong and the judgment is proper, then security for the full amount of the judgment remains appropriate, just as if Old World were the only appellant.

Old World emphasizes that putting the prevailing party to a choice between an appeal and security for its existing judgment would discourage appeals. Conceded. What Old World does not supply is a good reason why we ought to increase the cost or risk of taking an appeal. Old World's position implies that a bond is essential if the loser files the first appeal and the winner takes a cross-appeal but not when the sequence is reversed; what sense would that make? Old World obviously does not believe that we should discourage *it* from appealing; why should we set a steep price on its adversary's appeal?

■ Often the dispute in commercial litigation is *how much* one side owes the other. In such cases the undisputed sums should be paid while the parties address the genuine bones of contention. Cf. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). BASF contends that Old World made about $26 million by perpetrating a fraud, and it wants to recover Old World's gains plus punitive damages. The district court concluded that BASF's recovery should be based on its loss rather than Old World's gain, and it declined to award punitive damages. BASF is entitled to contest the district court's legal analysis, and reducing its probability of recovering for its proven losses is not an appropriate price tag for the privilege.

■ The fifth circuit held in *Enserch* that a prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim. We agree with that approach and join the fifth circuit in rejecting *Atlas Machine*. Nothing in BASF's appellate demand for Old World's profits as damages is inconsistent with collecting the loss-based award that BASF deems paltry.

Old World's motion for a stay without security is denied. BASF's motion for sanctions likewise is denied; it is hardly frivolous to ask this court to take one side rather than another in a conflict among the circuits.