The **FONDA GROUP, INC., Plaintiff,**

v.

**SCOTT PAPER COMPANY,
et al., Defendants.**

**Civil Action No. 95–5402.**

United States District Court,
E.D. Pennsylvania.

Feb. 25, 1997.

Nicholas N. Price, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Brian J. McMahon, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for Plaintiff.

Douglas Evan Ress, Kaufman, Coren & Ress, Thomas M. Kittredge, Morgan, Lewis & Bockius, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

KATZ, District Judge.

The jury in this case returned a verdict in favor of Fonda and against Scott for breach of contract, breach of warranty, fraud, and misrepresentations. The jury awarded Fonda $3.3 million in compensatory damages and $750,000.00 in punitive damages against Scott. The jury also awarded Scott $430,-000.00 on its counterclaim against Fonda. The Court entered judgment in accordance with these verdicts, *i.e.,* specifying the recoveries separately.

Defendant Scott filed post trial motions for judgment as a matter of law, for a new trial, and for alteration of the jury's verdict. The Court denied these motions in orders dated October 23, 1996. Scott filed a notice of appeal on November 23, 1996. Among the nine issues Scott raises on appeal is: "Whether the court erred in failing to award Scott, on its counterclaim, full payment at market price for the catercloth delivered to Fonda subsequent to the closing." Scott contests on appeal the jury's finding, arguing that the price term upon which the judgment is based is in error, and that the entry of the judgment in its favor for an amount approximately one-half of the amount it was seeking was also in error.

Scott now threatens to execute its judgment on the counterclaim. The issue is whether a "prevailing party's" appeal from a judgment operates as an automatic stay on the execution of the judgment and whether under such circumstances a bond need be posted to obtain a stay. There is a split in the Circuits on this issue.

The law in the Fourth Circuit supports Fonda's position. In *Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794 (4th Cir.1986), the court observed:

> Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree. Moreover, where the prevailing party is the first to take an appeal, no supersedeas bond can be required of the losing party when it subsequently files its own appeal, because the execution of the judgment has already been superseded by the prevailing party's appeal.

*Id.* at 797 (citations omitted).

The law in the Fifth and Seventh Circuits supports Scott's position. *See BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir.1992); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir.1990).

I agree with Judge Easterbrook's reasoning:

> "Rule 62(d) requires a bond as a condition of the stay of a money judgment during an appeal." 979 F.2d at 616.

This court declines to exercise any residual discretion it may have to expose Scott to any credit risk on its judgment. Scott posted a bond to protect Fonda's judgment. I see no reason to treat the counterclaim judgment differently.

### *ORDER*

AND NOW, this day of, 1997, it is hereby ORDERED that the motion of the plaintiff The Fonda Group, Inc. ("Fonda") for an order affirming that the appeal of Scott Paper Company ("Scott") from the judgment on Scott's counterclaim stayed enforcement of that judgment, or, in the alternative, that the Court enter an order staying enforcement of that judgment is **DENIED**.