Robert W. **HAMLIN** and Jeanne E. Hamlin, his wife, Plaintiffs,

v.

**CHARTER TOWNSHIP OF FLINT,** Charter Township of Flint Fire Department, Greg Wright, and Sally Shaheen Joseph, Jointly and Severally, Defendants.

No. 95–CV–75425–DT.

United States District Court, E.D. Michigan, Southern Division.

Aug. 21, 1998.

Dennis L. Gabrian, Bloomfield Hills, MI, for plaintiff.

Kristine M. Johnson, Lansing, MI, Kevin T. McGraw, Lansing, MI, Norbert B. Leonard, Bloomfield Hills, MI, for defendant.

### OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR WAIVER OF BOND REQUIREMENT

ROSEN, District Judge.

#### I. INTRODUCTION

This matter is currently before the Court on Defendants–Appellants motion to waive bond pending the outcome of their appeal.

On December 3, 1996, the Court entered a Judgment on Jury Verdict, ordering all Defendants jointly and severally to pay Plaintiff Robert Hamlin $500,000 in compensatory damages. Defendants appealed this order on December 28, 1996. (Court of Appeals No. 97–1026).[1]

On June 30, 1997, the Court awarded Mr. Hamlin attorney fees in the amount of $50,-127.50, costs in the amount of $9,625.81, and prejudgment interest in the amount of $7,097.85. Mr. Hamlin appealed the award of attorney fees, cost and prejudgment interest on October 14, 1997 (CA.97–2129).[2] One week later, Defendants filed an Amended

Notice of Appeal to include the Court's award of attorney fees, costs, and prejudgment interest in the original appeal (CA. No. 97–2105).[3] In the present motion, Defendants seek to stay enforcement of the award of attorney's fees, costs, and prejudgment interest pursuant to Rule 62(d).

#### II. ISSUES

The first issue before the Court is whether Hamlin's cross-appeal automatically suspends enforcement of the judgment, relieving Defendants of their obligation to post a supersedeas bond. If Mr. Hamlin's cross-appeal does not automatically suspend execution, the Court must determine whether the bond requirement, which is necessary to have a judgment stayed pending appeal, should be waived in this case.

#### III. ANALYSIS

■■■ The district court has the authority to stay a judgment pending appeal. *Federal Prescription Service, Inc. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 757–758 (D.C.Cir.1980). A court's decision to stay a judgment will be overturned only if the court is found to have abused its discretion. *Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983). Likewise, a court's decision to waive Rule 62(d)'s bond requirement will be overruled only for an abuse of discretion. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988). The Sixth Circuit has defined an abuse of discretion as "a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

■■■ Pursuant to Rule 62(d), if an appeal is pending, a party may obtain a stay on the judgment by posting a supersedeas bond.[4]

1. On September 30, 1997 the Court granted Defendants' Motion to Set-off Collateral Source Benefits, reducing the jury verdict to $0.

2. Hamlin's appeal also included an appeal of the Court's Order granting Defendants' Motion to Set-off Collateral Source Benefits.

3. In his brief in opposition to the motion to waive the supersedeas bond requirement, Hamlin merely asserts that the bond may not be

waived because the awards of attorney fees, costs, and prejudgment interest were never appealed. However, the Clerk's Office for the Sixth Circuit has confirmed that the Amended Notice of Appeal (dated October 21, 1997) included these awards.

4. Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be

Fed.R.Civ.P. 62(d). This entitles an appellant to a stay pending appeal as a matter of right. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.,* 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966). However, this right is expressly contingent upon the posting of a court approved supersedeas bond. Thus, "Rule 62 establishes the general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan and Co.,* 918 F.2d 462 (5th Cir.1990).

When considering a motion brought pursuant to Rule 62, the Court is mindful of the rationale underlying the rule itself. The framework of Rule 62(d) represents a balancing of both parties' interests, in that it preserves the status quo while also protecting the appellee's rights. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190 (5th Cir. 1979). Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove,* 600 F.2d at 1191. However, to preserve this right, the appellant must forego the use of the bond money during the appeal period.

For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988), *Moore v. Townsend,* 577 F.2d 424, 427 (7th Cir.1978) (*citing Weiner v. 222 East Chestnut St. Corp.,* 303 F.2d 630, 634 (7th Cir.1962)). Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellees right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190 (5th Cir.1979).

Pursuant to Rule 62(d), Defendants are entitled to a stay pending appeal. Therefore, the motion for a stay will be granted automatically when the Defendants post a court approved supersedeas bond. Defendants have not proposed alternative security, thus the Court need not address the adequacy of an alternative to the usual full bond requirement.

### A. Automatic Stay

The first issue concerns the effect, if any, of Hamlin's cross-appeal on the enforceability of the judgment. Although addressed by neither party, the circuit courts have split on the question of whether a judgment creditor's appeal of a judgment eliminates the other party's obligation to post a supersedeas bond pursuant to Rule 62(d). According to the Fourth Circuit, if the prevailing party appeals the judgment, it is automatically suspended, and no bond is required to prevent the creditor from enforcing the judgment, i.e., the appeal itself, if taken by the prevailing party, acts as an automatic supersedeas bond. *Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc.,* 803 F.2d 794 (4th Cir.1986). Both the Fifth and Seventh Circuits have refused to adopt such a rule. *Enserch Corp. v. Shand Morahan & Co., Inc.,* 918 F.2d 462, 464 (5th Cir.1990); *BASF Corp. v. Old World Trading Co.,* 979 F.2d 615, 617 (7th Cir.1992). To date, the Sixth Circuit has not addressed this issue.

The basis of the disagreement among the circuit courts involves differing interpretations of a case decided in 1863, *Bronson v. La Crosse & Milwaukee R.R. Co.,* 1 Wall. 405, 68 U.S. 405, 17 L.Ed. 616 (1863). In *Bronson,* the Supreme Court stated in dicta:

> They having appealed from the decree, it would be against all reason and principle to permit them to proceed in the execution of it, pending the appeal. They assert the

given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective

when the supersedeas bond is approved by the court."

decree is founded in error, and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal. The appeal suspends the execution of the decree. This is not a case where security is to be given in order to supersede the execution. That rule applies in cases where the decree or judgment is against the party appealing, and who desires to suspend the issuing of execution by the adverse party until the appeal is heard and determined. It is true that the adverse party in this cause has entered a cross-appeal, but, as the appeal already taken had superseded the execution, a bond in the crossappeal would have been an act of supererogation. It would have been otherwise if the complainants, in whose favor the decree was rendered in the court below, had not appealed.

*Bronson,* 68 U.S. at 410.

The Fourth Circuit interpreted this language from *Bronson* to indicate that whenever a prevailing party appeals a judgment "no supersedeas bond can be required of the losing party when it subsequently files its own appeal, because the execution of the judgment has already been superseded by the prevailing party's appeal. *Bronson v. La Crosse R.R. Co.,* 68 U.S. (1.Wall.) at 410, 17 L.Ed. 616." *Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc.,* 803 F.2d 794, 797 (4th Cir.1986). Thus, under the Fourth Circuit's interpretation of the dicta in *Bronson,* a judgment is automatically suspended if the prevailing party, appeals.

In contrast, the Fifth Circuit has held that the aforementioned language in *Bronson* suggests only that "a lower court judgment may be suspended without bond when the relief sought by the prevailing party on appeal is inconsistent with the enforcement of the lower court's judgment." *Enserch Corp. v. Shand Morahan & Co.,* 918 F.2d 462, 464 (5th Cir.1990). Additionally, with respect to the various interpretations of *Bronson,* the Seventh Circuit has stated, "No matter what the Court meant 128 [now 134] years ago, today the question is what Rule 62 means . . . [and today] Rule 62(d) requires a bond as a condition of the stay of a money judgment during an appeal." *BASF Corp. v. Old*

*World Trading Co.,* 979 F.2d 615, 617 (7th Cir.1992).

██ In determining which view to apply, the Court begins its analysis with several canons of interpretation. First, it is well settled that the Federal Rules have the force of statute. *Mookini v. United States,* 303 U.S. 201, 206, 58 S.Ct. 543, 82 L.Ed. 748 (1938). Furthermore, without evidence to clearly indicate a contrary intent, a statute is to be interpreted based on its plain language. *Reves v. Ernst & Young,* 507 U.S. 170, 177, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). Rule 62(d) requires that a bond be posted to stay a judgment pending appeal. There is nothing in the Rule to suggest that this requirement is automatically suspended simply because the prevailing party also appeals the judgment. According to the plain language of the Rule itself, a bond is required to stay enforcement of the judgment regardless of whether the prevailing party also appeals the judgment.

██ Furthermore, even if the Supreme Court's statement in *Bronson* does stand for the proposition that a judgment is automatically suspended if appealed by the prevailing party, that statement is only dicta. Rule 62(d) has the force of statute, and the Court cannot follow ancient dicta which would directly contradict the plain language of a superceding statute. The simple fact that a judgment creditor appeals or cross-appeals a judgment does not automatically suspend execution of the judgment under Rule 62. Rather, to have the judgment stayed, a bond must be posted in accordance with Rule 62(d).

Furthermore, even if the Court were to interpret *Bronson* as an exception to Rule 62(d)'s bond requirement, the Court refuses to expand *Bronson* to every case in which the prevailing party appeals. The Fourth Circuit's interpretation of *Bronson* disregards the fact that the primary issue on appeal in *Bronson* was whether the district court even had jurisdiction to entertain the motion (which pertained to the disbursement of funds). Only after the Supreme Court stated that the district court lacked the power to grant the orders in question did it note the

appellant's assertion that the "decree was founded in error" and should prevent the court from executing the judgment. Therefore, at the very most, the dicta in *Bronson* automatically eliminates the bond requirement only if the prevailing party's theory on appeal is completely inconsistent with enforcement of the judgment.

In the case at bar, Mr. Hamlin is not raising issues on appeal that are inconsistent with enforcement of the judgment. Rather, Mr. Hamlin is only appealing the amount of the award. Consequently, even if Mr. Hamlin is unsuccessful in his appeal, he is still entitled to all of the Court's award of attorney fees, cost, and prejudgment interest. Unlike in *Bronson*, Mr. Hamlin's successful appeal will not eliminate his right to collect the Court's award. Mr. Hamlin's belief that he is entitled to additional compensation should not automatically force him to incur the risk of a later uncollectible judgment. To hold otherwise would impose too steep a price on Mr. Hamlin for filing an appeal, particularly when the Defendants incurred no comparable cost for filing its appeal. Therefore, Mr. Hamlin's appeal does not automatically suspend enforcement of the judgment.

### B. Waiver of Bond Requirement

The second issue before the Court is whether the bond requirement should be waived. Although Courts generally require that a full bond be posted to obtain a stay pursuant to Rule 62(d), a court may, in its discretion, modify or even waive the full bond requirement. *Townsend v. Holman Consulting Corporation*, 929 F.2d 1358, 1367 (1991); *Federal Prescription Service, Inc. v. American Pharm. Assn.*, 636 F.2d 755, 758 (D.C.Cir.1980). However, should a court choose "to depart from the usual requirement of a full security supersedeas bond ... it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting and Refining, Co., v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The opposing party has no obligation to introduce evidence to the contrary.

A waiver of the bond requirement may be appropriate "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and ... where the requirement would put the defendant's other creditors in undue jeopardy." *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir.1986). When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present "a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Poplar Grove*, 600 F.2d at 1190. However, because Rule 62(d) expressly dictates that a supersedeas bond must be posted, only in "extraordinary circumstances" should anything less be required. *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F.Supp. 501, 520 (E.D.Pa.1973).

In this case, Defendants' only argument is that readily available funds exist to satisfy the judgment, and that part of the judgment will be satisfied by an insurance company which possesses funds in excess of the entire judgment. However, even if Defendants demonstrated the existence of funds in excess of the judgment, waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee. Waiving the bond requirement would deprive Mr. Hamlin of his right to execute the judgment immediately, without providing him the protection to which he is entitled. Rule 62(d)'s bond requirement serves a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity. Defendants have the burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money. In light of the protection and compensation that the bond would provide to Mr. Hamlin, the cost of the bond

clearly would not be without benefits to balance the cost of posting it. Therefore, Defendants have failed to meet their burden of persuading the Court that the bond should be waived.

### IV. CONCLUSION

Rules 62(d) entitles Defendants the right to obtain a stay by posting a court approved supersedeas bond. Therefore, Defendants will receive a stay contingent upon the posting of a full supersedeas bond pursuant to Rule 62(d). The Court finds that Hamlin's appeal of the judgment, even though prior to that of Defendants, is not a forfeiture of Hamlin's right to execute the judgment without Defendants' posting a supersedeas bond. Additionally, Defendants have not persuaded the Court that the extraordinary circumstances necessary for waiving Rule 62(d)'s bond requirement exist. Absent persuasive justification for departing from Rule 62(d)'s bond requirement, a full supersedeas bond must be posted. Therefore, Defendants' Motion to Waive the Bond Requirement is DENIED.