**TRUSTMARK INSURANCE COMPANY, Plaintiff, Appellant,**

v.

**Carmine J. GALLUCCI, a/k/a Michael Gallucci, Defendant, Appellee.**

No. 99–1882.

United States Court of Appeals, First Circuit.

Oct. 4, 1999.

James A. Currier and Hodosh, Spinella & Angelone on Motion to Remand for appellant.

Lauren E. Jones and Jones Associates on Objection to Motion for Remand for appellee.

Before SELYA, BOUDIN and LYNCH, Circuit Judges.

PER CURIAM.

Plaintiff Trustmark Insurance Company wishes to execute a money judgment it obtained against its insured, defendant Gallucci. The district court concluded that Trustmark could not execute the judgment because Trustmark's appeal from the judgment was pending. We summarily vacate the order denying Trustmark's motion for execution of the judgment and remand for further proceedings.

Below, Trustmark filed an action against its insured, Carmine J. Gallucci, seeking to recover payments Trustmark had made to Gallucci under a disability insurance policy. Trustmark contended that Gallucci had claimed to be totally disabled when in fact he was not. The jury eventually returned a verdict for Trustmark, and judgment entered on that verdict. Both Gallucci and Trustmark have appealed from the judgment, Trustmark challenging the denial of pre-judgment interest, and those appeals are now pending in this court.

As Gallucci had not posted a supersedeas bond under Fed.R.Civ.P. 62(d), Trustmark moved to execute the judgment in the amount of the jury award plus post-judgment interest, but not including the pre-judgment interest which is the subject of Trustmark's other pending appeal. The district court denied the motion on the ground that Trustmark's appeal from the denial of pre-judgment interest "indirectly challenges the validity of the judgment," so "execution cannot issue ... until the appeal is resolved."

■ The district court's position draws support from *Tennessee Valley Authority*

v. *Atlas Machine & Iron Works, Inc.*, 803 F.2d 794, 797 (4th Cir.1986), where the Fourth Circuit indicated that an appeal by the prevailing party suspends the execution of the judgment, thereby relieving the judgment debtor from filing a supersedeas bond. The Seventh Circuit, however, has disagreed with the Fourth Circuit and has concluded that Rule 62(d) controls and "requires a bond as a condition of the stay of a money judgment during an appeal." *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir.1992). "[A] prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim." *Id.; see also Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462 (5th Cir.1990).

■ We are persuaded by the Seventh Circuit's opinion and adopt its reasoning. Here, Trustmark's appeal, which seeks to increase the amount of the judgment, is not inconsistent with immediate enforcement of the judgment as it now stands. Ordinarily, therefore, Gallucci would be required to post a supersedeas bond if he wants execution of the judgment stayed pending his appeal.[1] Consequently, we vacate the district court's June 28, 1999 order denying Trustmark's motion to execute the December 18, 1997 judgment and remand for further proceedings.

*Vacated and remanded.*

---

1. The matter is not before us, so we do not address whether there is any basis in the present case upon which the district court may allow an unsecured stay.