USCA1 Opinion

 

 United States Court of Appeals For the First CircuitNo. 99-1882 TRUSTMARK INSURANCE COMPANY, Plaintiff, Appellant, v. CARMINE J. GALLUCCI, a/k/a Michael Gallucci, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] Before Selya, Boudin and Lynch, Circuit Judges.      James A. Currier and Hodosh, Spinella & Angelone on Motion toRemand for appellant. Lauren E. Jones and Jones Associates on Objection to Motionfor Remand for appellee.October 4, 1999   Per Curiam. Plaintiff Trustmark Insurance Company wishes toexecute a money judgment it obtained against its insured, defendantGallucci. The district court concluded that Trustmark could notexecute the judgment because Trustmark's appeal from the judgmentwas pending. We summarily vacate the order denying Trustmark'smotion for execution of the judgment and remand for furtherproceedings. Below, Trustmark filed an action against its insured, CarmineJ. Gallucci, seeking to recover payments Trustmark had made toGallucci under a disability insurance policy. Trustmark contendedthat Gallucci had claimed to be totally disabled when he fact hewas not. The jury eventually returned a verdict for Trustmark, andjudgment entered on that verdict. Both Gallucci and Trustmark haveappealed from the judgment, Trustmark challenging the denial ofpre-judgment interest, and those appeals are now pending in thiscourt.  As Gallucci had not posted a supersedeas bond under Fed. R.Civ. P. 62(d), Trustmark moved to execute the judgment in theamount of the jury award plus post-judgment interest, but notincluding the pre-judgment interest which is the subject ofTrustmark's other pending appeal. The district court denied themotion on the ground that Trustmark's appeal from the denial ofpre-judgment interest "indirectly challenges the validity of thejudgment," so "execution cannot issue . . . until the appeal isresolved." The district court's position draws support from TennesseeValley Authority v. Atlas Machine & Iron Works, Inc., 803 F.2d 794,797 (4th Cir. 1986), where the Fourth Circuit indicated that anappeal by the prevailing party suspends the execution of thejudgment, thereby relieving the judgment debtor from filing asupersedeas bond. The Seventh Circuit, however, has disagreed withthe Fourth Circuit and has concluded that Rule 62(d) controls and"requires a bond as a condition of a money judgment during anappeal." BASF Corp. v. Old World Trading Co., 979 F.2d 615, 617(7th Cir. 1992). "[A] prevailing party's appeal suspends enforcementof the judgment only when the theory of the appeal is inconsistentwith enforcement in the interim." Id.; see also Enserch Corp. v.Shand Morahan & Co., 918 F.2d 462 (5th Cir. 1990).  We are persuaded by the Seventh Circuit's opinion and adoptits reasoning. Here, Trustmark's appeal, which seeks to increasethe amount of the judgment, is not inconsistent with immediateenforcement of the judgment as it now stands. Ordinarily,therefore, Gallucci would be required to post a supersedeas bond ifhe wants execution of the judgment stayed pending his appeal. Consequently, we vacate the district court's June 28, 1999 orderdenying Trustmark's motion to execute the December 18, 1997judgment and remand for further proceedings. Vacated and remanded.