ALCAN ALUMINUM CORPORATION, Plaintiff–counter–defendant– Appellant,

v.

CONTINENTAL INSURANCE COMPANY; Orion Insurance Company Limited; the London & Overseas Insurance Company Limited; the Home Insurance Company, Defendants,

Commercial Union Assurance Company of Canada Limited, Defendant-cross-defendant,

Certain Underwriters at Lloyd's of London, Defendant-counter-claimant,

and

Prudential Assurance Company Limited, absorbed into the Prudential Assurance Company of England Property & Casualty (Canada) acquired by General Accident Indemnity Company, part of the General Accident Assurance Company of Canada, Defendant–counter–claimant–Appellee.

Alcan Aluminum Corporation, Plaintiff–counter–defendant– Appellant,

v.

Continental Insurance Company; Orion Insurance Company Limited; the London & Overseas Insurance Company Limited; the Home Insurance Company, Defendants–Appellees,

Commercial Union Assurance Company of Canada Limited, Defendant-cross–defendant–Appellee,

and

Prudential Assurance Company Limited, absorbed into the Prudential Assurance Company of England Property & Casualty (Canada) acquired by General Accident Indemnity Company, part of the General Accident Assurance Company of Canada; Certain Underwriters at Lloyd's of London, Defendants–counter–claimants–Appellees.

No. 99–56951, 00–55163.
D.C. No. CV–94–02202–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 24, 2002.

Before LEAVY, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Alcan Aluminum Corporation ("Alcan") appeals the district court's post-judgment interest rulings and the court's order taxing costs against Alcan. We dismiss the post-judgment interest appeal for lack of jurisdiction and affirm the district court's cost-taxing order.

### I

The first time this case came before us, we rejected Alcan's arguments that the district court should have awarded Alcan a larger judgment and that the court erred in granting a stay of the judgment against certain underwriters at Lloyd's of London ("Lloyd's") on the ground that Lloyd's had posted a supersedeas bond.[1] On remand, Lloyd's successfully moved the district court for two rulings regarding the accrual of post-judgment interest and for an order taxing the costs of Lloyd's supersedeas bond against Alcan. Alcan now appeals these rulings.

### II

Alcan's notice of appeal of the district court's post-judgment interest rulings was due on November 26, 1999, which was the Friday after Thanksgiving day. Alcan filed its appeal on the following Monday, November 29, 1999. Alcan's filing was timely only if the district court clerk's office was "inaccessible" on the Friday after Thanksgiving,[2] or if that day was "declared a holiday" in California.[3]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Alcan Aluminum Corp. v. Prudential Assurance Ltd., 173 F.3d 859, 1999 WL 201610 (9th Cir.1999) (mem.).

2. Fed. R.App. P. 26(a)(3).

3. Id. at (4).

■ This court ordered a limited remand to the district court to determine if the clerk's office was "inaccessible" on the Friday in question. The district court found that it was not. This factual finding is supported by the record and is not clearly erroneous.[4] Thus, the district court clerk's office was not "inaccessible" within the meaning of Rule 26(a)(3)[5] on Friday, November 26, 1999.

We reject Alcan's alternative argument that the Friday after Thanksgiving is "declared a holiday" by California Government Code Section 19853. Section 19853 is administrative in nature and merely sets forth employment policy for state employees.[6] In contrast, California Government Code Section 6700 explicitly lists "[t]he holidays in this state[,]" and the list does not include the Friday after Thanksgiving.[7] Accordingly, the Friday after Thanksgiving has not been "declared a holiday" in California within the meaning of Rule 26(a)(4).[8]

Thus, Alcan's notice of appeal was due on Friday, November 26, 1999. Alcan's Monday, November 29, 1999, filing was, therefore, not timely. Accordingly, we have no jurisdiction to hear Alcan's appeal of the district court's post-judgment interest rulings because a timely filing of a notice of appeal is "mandatory and jurisdictional."[9]

### III

The district court granted Lloyd's motion to tax the costs (premiums) of Lloyd's supersedeas bond against Alcan. We review the district court's award of costs for abuse of discretion.[10] We conclude that the district court was well within its discretion and affirm.

■ After appealing the stipulated judgment, Alcan moved the district court to order Lloyd's to satisfy the judgment. Alcan's appeal automatically stayed the judgment, however, and Alcan had no right to force Lloyd's to pay.[11] Thus, but for Alcan's insistence that Lloyd's satisfy the judgment when Lloyd's had no legal obligation to do so, Lloyd's would never have had to post the bond. The bond then served to protect Alcan's interests.[12] Under these circumstances, the district court was well within its discretion in taxing the costs of the bond against Alcan.

---

**4.** *See United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1030 (9th Cir.1998) ("[A] district court's factual findings on all jurisdictional issues must be accepted unless clearly erroneous.") We also note that Alcan has not shown that the clerk's office was "officially closed" or accessible only by "heroic measures" on the Friday in question. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 747 (9th Cir.2001).

**5.** *See* Fed. R.App. P. 26(a)(3).

**6.** *See* Cal. Govt.Code § 19853 (West 2001).

**7.** *Id.* § 6700.

**8.** *See* Fed. R.App. P. 26(a)(4).

**9.** *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (internal quotation marks and citation omitted); *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir.1981).

**10.** *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir.2000).

**11.** *See Alcan*, 173 F.3d at 859, 1999 WL 201610 at *4 ("once Alcan filed its appeal ... the execution of the judgment against its insurers was automatically stayed") (citing *Bronson v. La Crosse & Milwaukee R.R. Co.*, 1 Wall. 405, 68 U.S. 405, 409–10, 17 L.Ed. 616 (1863)).

**12.** *See id.* ("The supersedeas bond actually provided Alcan protection that it was not entitled to[.]").

Alcan's arguments are meritless because they ignore the foregoing facts and invite us to conclude that Lloyd's had no rights to protect during the pendency of Alcan's appeal. However, Lloyd's had a right to a stay during the pendency of Alcan's appeal. That right was created by Alcan's decision to appeal, and Alcan's actions forced Lloyd's to pay to protect that right.

## IV

Alcan's appeal of the district court's post-judgment interest rulings was not timely, and it is DISMISSED for lack of jurisdiction. The district court appropriately taxed Lloyd's supersedeas bond premiums as costs against Alcan, and that order is AFFIRMED.

No. 99–56951 is DISMISSED; no. 00–55163 is AFFIRMED.

Costs to Appellees.